2 F.3d 1161
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Kevin LEWIS, also known as Y.T., also known as Kevin Culton,
also known as Terry Johnson, also known as Audrey
Lewis, Defendant-Appellant.
 No. 92-3114.
 United States Court of Appeals, Tenth Circuit.
 Aug. 12, 1993.
 
 Before BRORBY, SETH and HOLLOWAY, Circuit Judges.
 ORDER AND JUDGMENT*
 SETH, Circuit Judge.
 
 
 1
 Appellant Kevin Lewis was convicted by a jury of unlawful possession with intent to distribute cocaine base in the United States District Court for the District of Kansas. Appellant raises three issues on appeal: (1) whether the district court erred in omitting a jury instruction regarding an informant's drug addiction; (2) whether the district court erred in admitting Appellant's record of a prior conviction; and (3) whether Appellant was prejudiced by the untimely discovery of police reports. For the reasons stated below, we affirm.
 
 
 2
 Appellant was arrested at a Wichita, Kansas bus station after Jeffrey Washington, an informant, handed Appellant a bag containing cocaine base and Appellant removed the cocaine base from the bag. Mr. Washington had been en route from Stockton, California to Wichita with the cocaine base when he was arrested in Salt Lake City, Utah. He agreed to cooperate with the police, and informed them that he was to deliver the drugs to an individual later identified as Appellant. Mr. Washington was escorted by Utah officers to Kansas, where they boarded the bus on which Appellant was supposed to arrive in Wichita.
 
 
 3
 Upon disembarking the bus and entering the bus terminal in Wichita, Appellant greeted Mr. Washington. In the parking lot Mr. Washington reached into Appellant's car and placed the bag on the seat. Appellant apparently removed the cocaine base from the bag. Mr. Washington gave a prearranged signal to the police, and Appellant was arrested.
 
 
 4
 Appellant first challenges the district court's refusal to include his requested jury instruction concerning the special scrutiny the jury should give to the testimony of a drug addict. We review jury instructions in their entirety to determine whether they "fairly, adequately, and correctly state the governing law and provide the jury with an ample understanding of the applicable principles of law and factual issues confronting them." United States v. Denny, 939 F.2d 1449, 1454 (10th Cir.), citing Big Horn Coal Co. v. Commonwealth Edison Co., 852 F.2d 1259, 1271 (10th Cir.). An error in jury instructions will mandate a reversal only if the error is prejudicial, based on a review of the record as a whole. Street v. Parham, 929 F.2d 537, 539-40 (10th Cir.).
 
 
 5
 Appellant requested that his Proposed Instruction No. 16 be included in the court's jury instructions. That instruction read:
 
 
 6
 "The witness, Jeffrey Washington, has testified that he is a drug addict. You are instructed that his testimony should be considered with great care and further that an addict fears jail more than most people due to losing access to drugs."
 
 
 7
 Rec., Vol. I, Doc. 72.
 
 
 8
 We have previously noted that "[a]s a general rule, prudence dictates the giving of an addict instruction whenever the prosecution has relied upon the testimony of a narcotics addict." United States v. Smith, 692 F.2d 658, 661 (10th Cir.). However, whether refusal to so instruct constitutes reversible error depends on the specific facts of each case. Id. See also, United States v. Cook, 949 F.2d 289, 294 (10th Cir.).
 
 
 9
 We conclude that the district court did not err in failing to give the requested instruction in this case. The testimony of Mr. Washington does not conclusively establish that he was in fact a drug addict. Although he admitted to using drugs, he specifically denied being a drug addict. Further, the court gave instructions regarding general credibility, reliability of an informant, and an accomplice instruction. Under the circumstances of this case, the failure to give an addict instruction was not reversible error.
 
 
 10
 Appellant next challenges the admission into evidence of the record of a prior conviction. The conviction occurred less than a year before Appellant's arrest in this case and was for selling narcotics to an undercover agent in Stockton, California. Like the district court's decisions regarding jury instructions, the court's evidentiary rulings are reviewed for abuse of discretion. Durtsche v. American Colloid Co., 958 F.2d 1007, 1011 (10th Cir.).
 
 
 11
 Under Federal Rule of Evidence 404(b), evidence of other crimes, wrongs, or acts is admissible for limited purposes. We have specified several prerequisites which should be satisfied in order for such evidence to be admissible. In United States v. Robinson, 978 F.2d 1554 (10th Cir.), we stated that the trial court should determine that the evidence:
 
 
 12
 "(1) tends to establish intent, knowledge, motive, identity, or absence of mistake or accident;
 
 
 13
 "(2) is so related to the charged offense that it serves to establish intent, knowledge, motive, identity, or absence of mistake or accident;
 
 
 14
 "(3) has real probative value and not just possible worth;
 
 
 15
 "(4) is close in time to the crime charged; and,
 
 
 16
 "(5) even if relevant, be excluded if the probative value is substantially outweighed by the danger of unfair prejudice."
 
 
 17
 Robinson, 978 F.2d at 1559. While we generally require the trial court to specifically identify the purpose for which the evidence is being offered and consider unacceptable a broad statement invoking or restating Rule 404(b), United States v. Kendall, 766 F.2d 1426, 1436 (10th Cir.), we have held that the failure of a district court to specifically identify the purpose of the evidence will be harmless error when "the purpose for admitting the other acts testimony is apparent from the record, and the district court's decision to admit was correct." United States v. Record, 873 F.2d 1363, 1375 n. 7 (10th Cir.), quoting United States v. Orr, 864 F.2d 1505, 1511 (10th Cir.). See also, Robinson, 978 F.2d at 1559.
 
 
 18
 Such is the case with the evidence of Appellant's prior conviction. Although the district court did not specifically identify the purpose for which the evidence was admitted, it is apparent from the record that the evidence goes to identity, knowledge, and absence of mistake. We further agree that the record of prior conviction is sufficiently related to the charged offense, has real probative value, and was close in time to the crime charged.
 
 
 19
 Appellant primarily takes issue with the district court's determination of the fifth element listed above, that even if relevant, the evidence should be excluded if the probative value is substantially outweighed by the danger of unfair prejudice.
 
 
 20
 "The trial court has broad discretion to determine whether or not prejudice inherent in otherwise relevant evidence outweighs its probative value." Record, 873 F.2d at 1375. Appellant argues that there was no probative value to the evidence in light of the evidence against him at trial. We disagree. Appellant acknowledges that it is predominantly Mr. Washington's testimony that links Appellant to the drug transaction. The court gave several instructions to the jury regarding the credibility of Mr. Washington, and the jury could have chosen to disregard some or all of his testimony. Appellant has inconsistently argued above that the jury instructions did not enable the jury to adequately assess Mr. Washington's suspect testimony, and now argues in essence that Mr. Washington's testimony was sufficient enough that no other evidence was necessary for the government to prove its case. Appellant cannot have it both ways. We find that the evidence of Appellant's prior conviction assisted the fact-finding mission of the jury and therefore the probative value outweighed the danger of unfair prejudice. The district court did not abuse its discretion.
 
 
 21
 Finally, Appellant argues that he was prejudiced by the untimely disclosure of certain police reports. We find this issue to be without merit. Appellant concedes that the reports were provided to Appellant as soon as the government became aware of them. The court provided time for Appellant to review the report that was discovered prior to voir dire, and similarly offered Appellant time to review the report that was discovered during cross-examination. We therefore find no prejudice resulting from the untimely discoveries.
 
 
 22
 Accordingly, the order of the District Court for the District of Kansas is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppe. 10th Cir.R. 36.3