37 F.3d 1510
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Kevin LEWIS, Defendant-Appellant.
 No. 94-3158.
 United States Court of Appeals, Tenth Circuit.
 Oct. 14, 1994.
 
 ORDER AND JUDGMENT[1]
 Before SEYMOUR, Chief Judge, McKAY, and BALDOCK, Circuit Judges.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 On November 19, 1991, Kevin Lewis was convicted in the United States District Court for the District of Kansas for possession of cocaine with intent to distribute in violation of 21 U.S.C. 841(a)(1). We affirmed the conviction. United States v. Lewis, 2 F.3d 1161 (10th Cir. Aug. 12, 1993) (table). On March 12, 1994, Lewis filed a "Motion for Production of Documents," claiming that he needed the documents to support a claim of ineffectiveness of counsel. The district court denied Lewis' motion on the grounds that he failed to support his motion with more than conclusory allegations. We affirm.
 
 
 3
 In his motion, Mr. Lewis asked the district court to provide copies of the following at no cost: 1) court minutes; 2) search warrants and affidavits for search warrants; 3) any and all motions filed by the defense; 4) any and all motions filed by the United States; 5) any and all written statements in the defendant's case; and 6) the indictment. (Mot. for Prod. Docs. at 3). Mr. Lewis argued that these materials were essential for the preparation of his 28 U.S.C. 2255 habeas corpus appeal based on ineffective assistance of counsel. Mr. Lewis has not yet filed a habeas corpus petition. In his motion, he merely asserts that "his counsel was virtually ineffective" and that he "contemplates" filing a habeas petition.
 
 
 4
 An indigent defendant bringing a 28 U.S.C. 2255 claim is entitled to a free trial transcript provided that a judge certifies that "the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal." 28 U.S.C. 753(f). The Supreme Court has held that a "naked allegation of ineffective assistance of counsel" does not warrant a free trial transcript under 28 U.S.C. 753(f). United States v. MacCollom, 426 U.S. 317, 327-28 (1976). In a case procedurally and factually similar to this one, we held that "conclusory allegations that a defendant was denied effective assistance of counsel, without more, do not satisfy the requirements of 753(f)." Sistrunk v. United States, 992 F.2d 258, 259 (10th Cir.1993). Mr. Lewis' statement that "his counsel was virtually ineffective," standing alone, is a mere "conclusory allegation" that, according to the standard set forth in Sistrunk, does not entitle Mr. Lewis to a free copy of his record.
 
 
 5
 Mr. Lewis contends that the requirements of 28 U.S.C. 753(f) are inapplicable to his motion because they apply to requests for trial transcripts rather than pre-trial records. However, courts have denied requests for trial transcripts and pretrial records for failure to meet the standard announced in MacCollom, 426 U.S. at 327, and followed in Sistrunk, 992 F.2d at 259. See, e.g., United States v. Chambers, 788 F.Supp. 334 (E.D.Mich.1992) (denying motion for free record for failure to set forth sufficiently specific factual allegations). Moreover, a habeas corpus petition must be filed to trigger the statute that explicitly grants indigent habeas corpus petitioners "documents" or "parts of the record" without cost, 28 U.S.C. 2250. See United States v. Connors, 904 F.2d 535, 536 (9th Cir.1990); Walker v. United States, 424 F.2d 278, 278-79 (5th Cir.1970). Mr. Lewis requests documents in mere contemplation of a section 2255 petition.
 
 
 6
 For the reasons set forth above, the judgment of the district court, denying Mr. Lewis' motion for production of documents, is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470