**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 2 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

KEVIN LEWIS,

      Defendant - Appellant.

No. 99-3039
(D.C. No. 97-3135-SAC)
(District of Kansas)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRORBY**, **EBEL** and **LUCERO**, Circuit Judges.

---

Kevin Lewis, pro se, appeals the district court's denial of his habeas petition and requests a certificate of appealability. We deny his request for a certificate of appealability pursuant to 28 U.S.C. § 2253(c).

**I**

Lewis was tried and convicted for possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1) in November 1991. We affirmed

---

[*]The case is unanimously ordered submitted without oral argument pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

his conviction. See United States v. Lewis, No. 92-3114, 1993 WL 307922 (10th Cir. Aug. 12, 1993). On April 15, 1997, he filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct his conviction. The district court denied the motion. In his appeal, Lewis argues that the district court erroneously admitted evidence of his prior conviction; that his trial and appellate counsel rendered ineffective assistance; that there was a constructive amendment to the indictment in violation of his Fifth Amendment right to be tried only on those charges returned by the grand jury; that the court violated his right to confrontation when it admitted the out-of-court confession of a nontestifying codefendant; and that the district court lacked jurisdiction to try him.

**II**

"When reviewing a district court's denial of a habeas petition, we accept the court's findings of facts unless they are clearly erroneous [and] we review the court's conclusions of law de novo." Wildermuth v. Furlong, 147 F.3d 1234, 1236 (10th Cir. 1998) (internal citation omitted).

We consider Lewis's challenge to the district court's admission of evidence of his prior conviction, and conclude that because this claim was raised and rejected on direct appeal, see Lewis, 1993 WL 307922 at *3, it cannot be relitigated in a § 2255 motion. See United States v. Warner, 23 F.3d 287, 291 (10th Cir. 1994).

Lewis argues that his trial counsel was ineffective in failing to investigate discoverable material, including the arrest record of a confidential informant and witness for the government. To prevail on this claim, Lewis must demonstrate that (1) his counsel's performance fell below "an objective standard of reasonableness," and (2) there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 688, 694 (1984). Rejecting Lewis's ineffective assistance of counsel claim, the district court found that counsel's failure to advance "every nonfrivolous issue" does not constitute ineffective assistance of counsel. United States v. Lewis, No. 97-3135-SAC, at 18 (D. Kan. Dec. 8, 1998) (quoting United States v. Cook, 45 F.3d 388, 394 (10th Cir. 1995)). Lewis provides us with no basis to doubt the district court's finding and to conclude that but for counsel's failure to investigate the confidential informant, the result of the trial would have been different.[1] Lewis has thus failed to carry his burden of proving that his trial counsel rendered constitutionally ineffective assistance.

---

[1]On direct appeal, Lewis attributed his counsel's failure to investigate the informant to the government's untimely disclosure of discovery material. We rejected this argument and found "no prejudice resulting from the untimely discoveries," because Lewis conceded that the police reports "were provided to [him] as soon as the government became aware of them [and the] court provided time for [Lewis] to review the report[s]." Lewis, 1993 WL 307992 at *3.

In assessing Lewis's claim of ineffective assistance of appellate counsel, we also apply the Strickland standard. See Cook, 45 F.3d at 392. "When a defendant alleges his appellate counsel rendered ineffective assistance by failing to raise an issue on appeal, we examine the merits of the omitted issue. . . . If the omitted issue is without merit, counsel's failure to raise it 'does not constitute ineffective assistance of counsel.'" Id. at 392-93 (quoting United States v. Dixon, 1 F.3d 1080, 1084 n.5 (10th Cir. 1993)). Lewis argues that his appellate counsel was ineffective because he failed to raise various challenges to the legality of his sentence. However, Lewis's conclusory allegations in his petition, including the claim that the court was without jurisdiction to impose a sentence, are meritless.

Lewis's argument that although the government's evidence may have been sufficient to support a charge of conspiracy to possess and distribute cocaine base, that evidence was insufficient to support the charge pled in the indictment—possession with intent to distribute cocaine base—is equally meritless. This claim is raised for the first time on appeal and is thus procedurally barred unless Lewis can demonstrate "cause excusing his procedural default or actual prejudice resulting from the errors of which he complains or . . . that a fundamental miscarriage of justice will occur if his claim is not addressed." United States v. Cook, 997 F.2d 1312, 1320 (10th Cir. 1993).

Lewis has failed to show cause for his failure to raise this claim on direct appeal. Moreover, Lewis does not challenge the district court's specific finding that the jury was instructed only as to the elements of the offense with which he was charged. The district court's factual findings, which Lewis does not challenge on appeal, demonstrate that there was sufficient evidence adduced at trial from which a reasonable jury could conclude that Lewis was guilty of possessing crack cocaine with intent to distribute. As such, Lewis has failed to demonstrate that a fundamental miscarriage of justice will occur if his claim is not addressed.

We also reject Lewis's claim that the court violated his Sixth Amendment right to confrontation when it allowed a police officer to testify about the out-of-court confession of a nontestifying codefendant. A defendant's Sixth Amendment right of confrontation is violated if the prosecution is allowed to introduce a nontestifying codefendant's out-of-court confession that implicates the defendant in the commission of the crimes charged. See Bruton v. United States, 391 U.S. 123, 135-36 (1968). However, the Court has refused to extend Bruton to cases where the nontestifying codefendant's out-of-court confession is admitted with a proper "limiting instruction" and is "redacted to eliminate not only the defendant's name, but any reference to his or her existence." Richardson v. Marsh, 481 U.S. 200, 211 (1987). On appeal, Lewis does not contest the

district court's findings that the trial judge gave a proper limiting instruction to the jury concerning the codefendant's out-of-court confession and that the confession was redacted to eliminate any reference to Lewis's name or his existence. We thus discern no Confrontation Clause violation.

We find no merit to Lewis's claim that the district court lacked jurisdiction to try him.

Concluding that Lewis has failed to make "a substantial showing of the denial of a constitutional right," 28 U.S.C. 2253(c)(2), we deny his request for a certificate of appealability.

**DISMISSED.** The mandate shall issue forthwith.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge