**Lewis Lorenzo SISTRUNK, Plaintiff–Appellant,**

v.

**UNITED STATES of America, Defendant–Appellee.**

No. 92–3385.

United States Court of Appeals, Tenth Circuit.

April 26, 1993.

Lewis L. Sistrunk, pro se.

Lee Thompson, U.S. Atty., and Julie A. Robinson, Asst. U.S. Atty., Kansas City, KS, for defendant/appellee.

Before SEYMOUR, ANDERSON, and EBEL, Circuit Judges.

EBEL, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9.

Therefore, the case is ordered submitted without oral argument.

In this pro se appeal, the appellant is challenging the district court's denial of his motion for a free transcript. Following a jury trial, the appellant was found guilty of bank robbery in violation of 18 U.S.C. §§ 2 and 2113(a). This court affirmed the appellant's conviction on appeal and the Supreme Court denied certiorari. Subsequently, the appellant filed a motion in the district court to obtain a copy of his trial transcript to assist him in the preparation of a habeas corpus petition under 28 U.S.C. § 2255.[1] The appellant stated in his motion that his habeas petition would be based on a claim of ineffective assistance of counsel.[2] The district court denied the appellant's motion on the grounds that he failed to demonstrate that his complaint was not frivolous and that he needed the transcript to present his claim. We affirm.

Under 28 U.S.C. § 753(f), an indigent defendant is entitled to have the government pay the fees for a copy of his transcript in a § 2255 proceeding only if he demonstrates that his suit is not frivolous and that the transcript is needed to decide the issue presented by the suit.[3] The Supreme Court upheld the constitutionality of this provision in *United States v. MacCollom*, 426 U.S. 317, 96 S.Ct. 2086, 48 L.Ed.2d 666 (1976) (plurality). The Court concluded that an indigent defendant's right of equal access to procedures for review of his conviction was satisfied at the collateral relief stage by affording a defendant a free transcript upon a showing of a particularized need for the transcript as required by § 753. *See id.* at 326, 96 S.Ct. at 2092; *see also Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir.1992) (citing *MacCollom* for proposition that indigent defendant does not have an absolute constitutional right to a free transcript in a collateral proceeding); *Hines v. Baker*, 422 F.2d 1002, 1007 (10th

Cir.1970) (indigent defendant does not have a constitutional right to a free transcript for exploratory use in collateral federal proceedings). Accordingly, whether the appellant is entitled to a free transcript depends on whether he satisfied the requirements of § 753(f).

In determining whether a defendant has complied with § 753(f), some courts have held that the actual filing of a habeas petition is a necessary prerequisite. *See United States v. Lewis*, 605 F.2d 379, 380 (8th Cir. 1979); *United States v. Losing*, 584 F.2d 289, 291 (8th Cir.1978), *cert. denied*, 439 U.S. 1081, 99 S.Ct. 865, 59 L.Ed.2d 51 (1979); *United States v. Fabian*, 758 F.Supp. 804, 806 (D.R.I.1991); *see also United States ex rel. Davidson v. Wilkinson*, 618 F.2d 1215, 1219 (7th Cir.) (noting that § 753(f) authorizes allotment of fees for a transcript "once a § 2255 motion is filed"), *cert. denied*, 449 U.S. 862, 101 S.Ct. 167, 66 L.Ed.2d 79 (1980). We need not decide here whether to adopt this interpretation of § 753(f). Even if a defendant may properly satisfy the requirements of § 753(f) in a pre-petition motion requesting a copy of a free transcript, the appellant has failed to do so in the instant case. Although the appellant's motion requesting a copy of a free transcript states that he was denied effective assistance of counsel, it fails to provide any factual allegations to support this claim. Conclusory allegations that a defendant was denied effective assistance of counsel, without more, do not satisfy the requirements of § 753(f). *See MacCollom*, 426 U.S. at 326, 96 S.Ct. at 2092; *Ruark*, 958 F.2d at 319. We conclude, therefore, that the appellant was not entitled to a free copy of his transcript.

We do not believe the fact that the appellant was requesting an existing transcript compels a different conclusion. In this regard, we disagree with the Seventh Circuit's decision in *Rush v. United States*, 559 F.2d 455 (7th Cir.1977), where that court held that

---

1. The transcript had already been prepared in connection with the defendant's direct appeal and thus was on file in the court clerk's office.

2. To date, the appellant has not yet filed any petition under § 2255.

3. Section 753(f) provides in relevant part:
   Fees for transcripts furnished in proceedings brought under section 2255 of this title to

persons permitted to sue or appeal in forma pauperis shall be paid by the United States out of money appropriated for that purpose if the trial judge or a circuit judge certifies that the suit of appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal.

a pro se prisoner has an unconditional right to be furnished with a pre-existing transcript. The Seventh Circuit argued that § 753(f) does not apply to requests for pre-existing transcripts because this provision only applies to requests requiring payment of fees by the United States. *Id.* at 458. Where no fees need be paid because the transcript already exists, the Seventh Circuit contended, the provision governing requests for free transcripts is 28 U.S.C. § 753(b), which authorizes inspection of the transcripts in the court clerk's office by any person free of charge. *Id.*[4] Since a pro se prisoner cannot access transcripts in the clerk's office, however, § 753(b) requires that the transcripts be sent to the prisoner. *Id.* at 458–59. Otherwise, the Seventh Circuit concluded, the prisoner would be denied his constitutional right of equal access to the courts. *Id.* at 459.

■ Like the Eighth Circuit, we decline to follow *Rush*'s interpretation of §§ 753(b) and (f). *See United States v. Losing,* 601 F.2d 351, 351–53 (8th Cir.1979). Section 753(b) makes no mention of furnishing prisoners with copies of transcripts. It merely states that the records contained in the clerk's office are available for public inspection. While the Seventh Circuit believed a broader reading of § 753(b) was required to avoid constitutional problems, we disagree. The Supreme Court in *MacCollom* explicitly stated that a defendant's constitutional right of equal access to the courts was satisfied by providing a defendant with a copy of his transcript on direct appeal and did not require an unconditional right to a transcript in collateral proceedings. *See* 426 U.S. at 326, 96 S.Ct. at 2092. Accordingly, we reject the Seventh Circuit's conclusion that § 753(b) requires pro se prisoners to be furnished with copies of pre-existing transcripts.

■ We also reject the Seventh Circuit's conclusion that § 753(f) does not govern requests for pre-existing transcripts because no fees must be paid. This conclusion overlooks the fact that even when furnishing pre-existing transcripts to prisoners the United States must still pay the costs of mailing and copying these transcripts. *See Losing,* 601 F.2d at 353 & n. 2.[5] While these costs may be less than those required to be paid where a transcript has not yet been prepared, § 753(f) specifies no minimum dollar amount as a prerequisite to its applicability.

Contrary to the Seventh Circuit, therefore, we conclude that § 753(f) is the exclusive provision governing requests by indigent prisoners for free transcripts, whether or not the transcripts already exist. Accordingly, before a defendant is entitled to a free transcript, he must make the particularized showing required by this provision. Since the appellant failed to make such a showing in the instant case, the district court properly denied the appellant's request for a free transcript.

The judgment of the district court is AFFIRMED.

---

4. Section 753(b) provides in relevant part:
   The original notes or other original records and the copy of the transcript in the office of the clerk shall be open during office hours to inspection by any person without charge.

5. There is little question that the fees referred to in § 753(f) include copying and mailing costs. Any other interpretation would lead to the absurd result that the United States could prepare transcripts for indigent defendants but could not subsequently copy or mail them to the defendant once they were prepared.

The clerk's office could, of course, eliminate copying costs by sending original transcripts to prisoners. However, such a practice might well be constrained not only by concerns about preserving the transcripts, but also by § 753(b)'s requirement that the clerk's records be available for public inspection.