USCA1 Opinion

 

 August 5, 1993 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 93-1205 UNITED STATES, Appellee, v. BARBARA BUSHWAY DE SOUZA, Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW HAMPSHIRE [Hon. Joseph A. DiClerico, U.S. District Judge] ____________________ Before Selya, Cyr and Boudin, Circuit Judges. ______________ ____________________ Barbara Bushway De Souza on brief pro se. ________________________ Peter E. Papps, United States Attorney, on Motion for Summary _______________ Disposition, for appellee. ____________________ ____________________ Per Curiam. Barbara Bushway Desouza pled guilty in __________ 1992 to drug charges and was sentenced. She did not appeal her sentence directly. However, Desouza brought a motion under 28 U.S.C. 2255, alleging that a Sentencing Guideline amendment permitting an additional one-level reduction in base offense level for acceptance of responsibility should be applied to reduce her sentence. The district court denied her motion because the amendment became effective after she was sentenced and could not be applied retroactively. We affirmed in United States v. Desouza, -- F.2d -- (1st Cir. _____________ _______ 1993). Before our decision was rendered, Desouza petitioned the district court to have certain transcripts prepared at government expense, averring that she needed the transcripts to "prepare [a] motion in order to secure my rights under the law." The district court denied her request because she had not given any reason why the transcripts should be prepared at government expense. Desouza has appealed. We now affirm. The district court's denial of Desouza's motion was proper under our case law. In Ellis v. State of Maine, 448 _____ ______________ F.2d 1325, 1327 (1st Cir. 1971), we held that a habeas petitioner alleging simply that his rights had been infringed had no right to a free transcript without showing more specifically that his claim had some merit. We stated: As to the request for a transcript, it is important to note that we are not here concerned with a direct appeal from a conviction, or a state habeas which takes the place of such an appeal, where a transcript may be a matter of right without showing merit in the appeal. [Citation omitted.] Appellant's petition is wholly for collateral relief. For this unusual and exceptional relief there should be a burden upon the petitioner to come into court with his case, not simply to try to make one out. This does not mean, of course, with his full case, but he must show merit, not just personal opinion. Id. In her motion to the district court, Desouza stated only ___ that she needed the transcripts to prepare a motion to "secure [her] rights." Thus, she has not even alleged that her rights have been violated, as the unsuccessful petitioner in Ellis did, nor, obviously, has she given any details _____ suggesting that she could make out a case that her rights had been infringed. Her brief to this court is no more specific. It states only that she is preparing a section 2255 motion and that "[i]n order to be able to address the right issues and effectively and accurately present [my] case . . . , [I] need[] to refer to [the] transcripts . . . ." Because Desouza, who is seeking collateral relief, has not even described in general terms what the nature of her claim is, let alone given any specific facts to show that she has some meritorious claim, it is clear that the district court acted properly in denying her request for a free transcript. We note further that Desouza's motion for free transcripts would also have been properly denied under 28 - 3 - U.S.C. 753(f). That statute permits the provision of free transcripts to indigents pursuing their section 2255 rights under certain circumstances.1 It states: Fees for transcripts furnished in proceedings brought under section 2255 of this title to persons permitted to sue or appeal in forma pauperis shall be paid by the United States out of money appropriated for that purpose if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal. Thus, under section 753(f) Desouza would be entitled to a free transcript only if the district court had determined (or, presumably, if this court upon appeal were to determine) that her section 2255 motion was not frivolous and that the requested transcripts were necessary to decide her motion. The Supreme Court has held that the requirements imposed on indigents seeking transcripts which are contained in this provision of section 753(f) are constitutional. See United __________ States v. MacCollom, 426 U.S. 317, 325 (1976) (plurality ______ _________ decision). Since Desouza has not described the basis for her suit or any specific facts which might support a section 2255 motion, we cannot say that her motion would not be frivolous ____________________ 1. The record does not show whether the district court granted Desouza's application to proceed in forma pauperis in seeking the transcripts. In light of other information contained in the record, however, we may assume either that the court granted her IFP application or that it would have done so. - 4 - or that the transcripts would be necessary to decide her motion. Thus, we conclude that the district court acted properly in denying her motion for free transcripts. See id. _______ at 326 (had the section 2255 petitioner provided the district court with some factual allegations respecting his claim of ineffective assistance of counsel, and not merely with conclusory allegations, and had he stated explicitly what his counsel's error was, the court might have concluded that his claim was not frivolous and that a free transcript should be furnished); Sistrunk v. United States, 992 F.2d 258, 259 ________ ______________ (10th Cir. 1993) (a conclusory allegation that a defendant was denied effective assistance of counsel does not satisfy the requirements of section 753(f)).2 ____________________ 2. Because Desouza failed to make any showing that her section 2255 motion would not be frivolous or that the requested transcripts would be necessary to decide her motion, we need not decide whether she should have brought her section 2255 motion before seeking to obtain the transcripts. See Sistrunk, 992 F.2d at 259 (citing cases ____________ which have held that the actual filing of the habeas petition is a necessary prerequisite to seeking free transcripts under section 753(f), but not deciding whether to adopt that interpretation in light of petitioner's failure to satisfy the statutory prerequisites); see also United States v. ________________________ Chambers, 788 F. Supp. 334 (E.D. Mich. 1992) (discussing the ________ conflict on this point among the circuit courts). Similarly, because Desouza seeks the preparation of transcripts and not simply a copy of transcripts already in existence, there is no need to consider whether, not meeting the requirements of section 753(f), she could obtain free transcripts under section 753(b). See Rush v. United States, 559 F.2d 455, 458 ________ _____________ (7th Cir. 1977) (reversing the district court's denial of petitioner's motion for free transcripts under section 753(f); because the transcripts were already in existence, the court of appeals held that the petitioners, whose conclusory allegations respecting their section 2255 motion - 5 - The judgment of the district court is affirmed.3 ________ ____________________ did not meet the requirements of section 753(f), had a right to the transcripts under section 753(b), which provides that "the original records" in the clerk's office must be open to inspection "by any person without charge"). The Rush ____ decision has been criticized. See Sistrunk, 992 F.2d at 260; ___ ________ United States v. Losing, 601 F.2d 351, 352-53 (8th Cir. _____________ ______ 1979). 3. Because Desouza has not said what grounds she has for bringing a second section 2255 motion, we cannot say whether her motion would be likely to be dismissed under Rule 9 of the Rules Governing 2255 Proceedings, given her previous section 2255 motion, as the government argues. - 6 -