7 F.3d 236
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Raymond WEST, Defendant-Appellant.
 No. 93-5525.
 United States Court of Appeals, Sixth Circuit.
 Sept. 23, 1993.
 
 Before: KENNEDY and NORRIS, Circuit Judges, and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 This pro se federal prisoner appeals a district court order denying his motion for a trial transcript at government expense. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Following a jury trial, Raymond West was convicted of conspiracy with intent to distribute cocaine and giving false testimony before a federal grand jury. He was sentenced to serve 200 months imprisonment and three years supervised release and to pay a $100 special assessment. His conviction and sentence were affirmed on appeal. United States v. West, 948 F.2d 1042 (6th Cir.1991), cert. denied, 112 S.Ct. 1209 (1992).
 
 
 3
 In his motion for a transcript, West explained that a transcript was necessary for the preparation of a collateral challenge to his conviction and sentence. He specified that he sought to attack the indictment, the admissibility of testimony by lay and expert witnesses, the admissibility of taped conversations, the jury instructions, the application of the sentencing guidelines, the prosecutor's comments during closing argument, and the effectiveness of his own counsel's assistance.
 
 
 4
 Upon review, we conclude that the motion for a transcript was properly denied. West is entitled to a free transcript in a collateral proceeding under § 2255, only if he demonstrates that his claims are not frivolous and that the transcript is needed to decide the issues presented in his case. See 28 U.S.C. § 753(f); United States v. MacCollom, 426 U.S. 317, 325-26 (1976) (plurality); Sistrunk v. United States, 992 F.2d 258, 259 (10th Cir.1993). West has not met this standard.
 
 
 5
 Certain of West's allegations of error address matters which could have been brought on direct appeal. If West wants to present them in a motion to vacate under § 2255, he must first demonstrate cause for and actual prejudice from his failure to do so. See United States v. Frady, 456 U.S. 152, 167-68 (1982). Additionally, a petitioner is not entitled to relitigate under § 2255 claims that were previously decided on direct appeal. United States v. Gaus, 751 F.2d 1506, 1507 (8th Cir.1985) (per curiam). The admissibility of the transcripts of taped conversations was addressed on direct appeal, as were the factual findings supporting the district court's application of the sentencing guidelines. West, 948 F.2d at 1044-45.
 
 
 6
 In his motion for a transcript and in his brief on appeal, West maintained that his counsel's performance was unprofessional and resulted in ineffective assistance. However, West failed to provide any factual allegations in support of his claim. Conclusory allegations, without more, do not satisfy the requirements of § 753(f). Sistrunk, 992 F.2d at 259.
 
 
 7
 Finally, we note that the district court advised West that he must first file his § 2255 motion to vacate sentence before he is entitled to a transcript. We need not decide at this time whether a motion to vacate sentence must be pending in the district court before a transcript request may be granted under 28 U.S.C. § 753(f). West has not otherwise shown that he has met the requirements of § 753(f) or that special circumstances were present. See Lucas v. United States, 423 F.2d 683, 684 (6th Cir.1970) (per curiam).
 
 
 8
 Accordingly, the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.