98 F.3d 1342
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ragheed AKRAWI, Defendant-Appellant.
 No. 95-1803.
 United States Court of Appeals, Sixth Circuit.
 Oct. 9, 1996.
 
 Before: SUHRHEINRICH, DAUGHTREY, and GIBSON*, Circuit Judges.
 
 ORDER
 
 1
 Ragheed Akrawi appeals a district court order denying his motion for transcript at government expense. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1990, a jury convicted Akrawi of two counts of structuring a transaction to evade currency reporting requirements in violation of 31 U.S.C. § 5324 and one count of conspiracy in violation of 18 U.S.C. § 371. The district court sentenced Akrawi to 57 months of imprisonment. On direct appeal, this court affirmed Akrawi's convictions but remanded the case for resentencing. United States v. Akrawi, No. 90-2225, 1992 WL 1100 (6th Cir. Jan. 2, 1992). On remand, the district court resentenced Akrawi to 46 months of imprisonment and this court affirmed that sentence on appeal. United States v. Akrawi, 982 F.2d 970 (6th Cir.1993).
 
 
 3
 In 1995, Akrawi moved the district court for a transcript at government expense in order to prepare a motion to vacate sentence under 28 U.S.C. § 2255. The district court concluded that Akrawi was not entitled to the transcript and denied the motion. Akrawi has filed a timely appeal.
 
 
 4
 Upon review, we affirm the district court's order because Akrawi has not demonstrated that he is entitled to a transcript at government expense. Although a defendant does not have a constitutional right to a free transcript in a § 2255 proceeding, he is entitled to have the government pay for a transcript if he demonstrates that his claim is not frivolous and that the transcript is needed to decide the issue presented in his case. See 28 U.S.C. § 753(f); United States v. MacCollom, 426 U.S. 317, 325-26 (1976) (plurality); Sistrunk v. United States, 992 F.2d 258, 259 (10th Cir.1993). As Akrawi has not demonstrated a nonfrivolous claim for relief under § 2255, the district court properly denied his motion for transcript.
 
 
 5
 Accordingly, this court affirms the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable John R. Gibson, Circuit Judge, United States Court of Appeals for the Eighth Circuit, sitting by designation