**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 12, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

KAMAL K. PATEL,

Plaintiff-Appellant,

v.

TOM WOOTEN; LOU ROCKVAM;
JENNY ROPER; WENDELL BELL,

Defendants-Appellees.

No. 07-1030
(D.C. No. 96-CV-286-RPM-CBS)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, **BALDOCK**, and **LUCERO**, Circuit Judges.

---

I.  Background

Plaintiff-appellant Kamal K. Patel, then a prisoner at the Federal

Correctional Institution at Florence, Colorado (FCI), brought claims against

defendants under The Religious Freedom Restoration Act (RFRA), *Bivens v. Six*

---

[*]      After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

*Unknown Named Agents of Fed. Bur. of Narcotics*, 403 U.S. 388 (1971), and various other federal laws. Patel contended that his constitutional rights were violated when defendants failed to accommodate his Hindu dietary restrictions while he was incarcerated at FCI. Patel prevailed in a jury trial only against defendants Wooten and Rockvam on his Fifth Amendment equal-protection claim. All of Patel's other claims, including his RFRA claims, were rejected either by the court or by the jury. The jury awarded damages of $629.00 against Wooten and $1.00 against Rockvam.[1] The court entered judgment against Wooten and Rockvam pursuant to the jury verdict on December 22, 2006, and further granted Patel costs, directing him to file a bill of costs with the court clerk which he did. On January 18, 2007, Patel filed a notice of appeal in the district court from the December 22, 2006, judgment.

On January 24, 2007, shortly after Patel filed his notice of appeal, defendants filed a motion pursuant to Fed. R. Civ. P. 50(b) for judgment as a matter of law on Patel's equal protection claim. Patel responded by filing a transcript order form in which he erroneously indicated that the case was one proceeding under the Criminal Justice Act. On the same day, he also filed a "motion to continue in this case in forma pauperis," (IFP motion) and a "motion for copy of transcripts at government expense."

---

[1] The term "defendants" hereafter refers to Wooten and Rockvam.

After being ordered to cure a deficiency in his IFP motion, Patel filed a renewed motion on March 5, 2007. On March 12, the district court denied the outstanding post-judgment motions. It further ordered that Patel's notice of appeal be stricken as premature because "the time for the filing of post-verdict motions had not expired and such motions were filed." R. Vol. II, tab 270. Without specifically ruling on the renewed IFP motion, the court further stated that it too was premature and was also unaccompanied by a certified copy of Patel's prison-trust-fund statement. *Id.* We treated the district court order as having denied IFP; Patel has renewed his IFP motion in this court.

On appeal, Patel argues that the district court erred in refusing to instruct the jury on the issue of punitive damages, that the amount of costs awarded was improper, and that the jury's verdict on the RFRA claims was against the weight of the evidence. Our jurisdiction arises under 28 U.S.C. § 1291, and we affirm.

II. <u>Notice of Appeal</u>

The threshold issue in this case is the effect of the district court's order striking Patel's notice of appeal. A premature notice of appeal becomes effective to appeal a judgment or order after a district court enters an order denying all post-judgment motions. Fed. R. App. P. 4(a)(4)(B)(i). It was therefore unnecessary and, indeed, inappropriate under these circumstances for the district

court to strike Patel's notice of appeal.[2]  Once the district court ruled on the post-judgment motions, the premature notice of appeal ripened to allow appeal from the district court's judgment.  *Id.*[3]

The district court did not have the authority to dismiss the notice of appeal. *Dickerson v. McClellan*, 37 F.3d 251, 252 (6th Cir. 1994); *see also Sperow v. Melvin*, 153 F.3d 780, 781 (7th Cir. 1998) ("A district court cannot dismiss an appeal."); *Liles v. S.C. Dep't of Corr.*, 414 F.2d 612, 614 (4th Cir. 1969) ("Neither by the statutes of the United States nor the Federal Rules of Appellate Procedure is the district court given the power to deny review by this court of a case in which an appeal as of right is assured.").  The purported striking of Patel's notice of appeal does not affect this court's jurisdiction.  *Dickerson*, 37 F.3d at 252.

---

[2]      While we note the extraordinary circumstance where a district court properly struck a purported notice of appeal filed by nonparties, s*ee Twelve John Does v. Dist. of Columbia*, 117 F.3d 571, 573 (D.C. Cir. 1997), no such unusual situation exists here.

[3]      If a party files a premature notice of appeal and later wishes to appeal a ruling on a post-judgment motion of the type listed in Fed. R. App. P. 4(a)(4)(A), he or she must file a new notice of appeal or an amended notice of appeal. Fed. R. App. P. 4(a)(4)(B)(ii).  Mr. Patel does not appeal the district court's denial of a Fed. R. App. P. 4(a)(4)(A) motion, so it was unnecessary for him to file a new or amended notice of appeal.

III.  Leave to Proceed on Appeal In Forma Pauperis

As noted above, we have treated the district court's conclusion that Patel's IFP motion was premature as a denial of that motion.  Patel has renewed his motion in this court.  We find that Patel has complied with the statutory requirements for applying for IFP status, *see* 28 U.S.C. § 1915(a)(1), that his allegation of poverty is true, that his appeal is neither frivolous, malicious, fails to state a claim upon which relief can be granted, nor seeks monetary relief against an immune defendant, *see id.* § 1915(e)(2).  Further, at least with regard to his punitive-damages argument, Patel has demonstrated "the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal."  *See DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991) (citing 28 U.S.C. § 1915(a)).  We therefore GRANT Patel's motion to proceed on appeal IFP.

IV.  Motion for Transcript at Government Expense

A.  Generally

Transcript fees for persons appealing IFP will be paid for by the United States "if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question)."  28 U.S.C. § 753 (f).  In order to be eligible for a free transcript, Patel must demonstrate that his suit is not frivolous and that a transcript is needed in order to resolve the issues on appeal.  *Sistrunk v. United States*, 992 F.2d 258, 259 (10th Cir. 1993).  Patel's claims must be supported by

factual allegations, and he must make a "particularized showing" of eligibility for the free transcript.  *Id.* at 259-60.  Because we determine that a transcript is not needed in order to resolve the issues on appeal, we DENY the § 753(f) motion for transcripts.

B.  Cost award and RFRA claim

Two of Mr. Patel's issues on appeal are clearly without merit and thus do not present a substantial question for purposes of 28 U.S.C. § 753(f).  Because he did not object in the district court to the amount of costs taxed by the clerk of that court, he has waived this issue.  *Bloomer v. United Parcel Serv., Inc.*, 337 F.3d 1220, 1221 (10th Cir. 2003).  Further, Patel did not make a motion under Fed. R. Civ. P. 50(a) for judgment as a matter of law before the close of the evidence in the district court, thus forfeiting appellate review of his sufficiency-of-the evidence argument under the RFRA.  *FDIC v. United Pac. Ins. Co.*, 20 F.3d 1070, 1076 (10th Cir. 1994).

C.  Punitive Damages

Before submitting the case to the jury, the district court granted defendants' motion for judgment as a matter of law as Patel's punitive-damages claim and dismissed the claim.  After our de novo review where we considered the record in the light most favorable to Patel, *see Herrera v. Lufkin Indus., Inc.*, 474 F.3d 675, 685 (10th Cir. 2007), we determine that the issue of whether the jury should have

been given a punitive-damages instruction also fails to present a "substantial question" for purposes of 28 U.S.C. § 753(f).

Judgment as a matter of law is warranted only "'[i]f during a trial by jury a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party.'" *Id.* (quoting Fed. R. Civ. P. 50(a)(1)). "[T]o affirm the grant of judgment as a matter of law, this court must be certain that the evidence conclusively favors one party such that reasonable men could not arrive at a contrary verdict. This court must construe the evidence and inferences most favorably to [Patel,] the non-moving party." *See Black v. M & W Gear Co.*, 269 F.3d 1220, 1239 (10th Cir. 2001) (citation and quotation omitted). Nevertheless, "the question is not whether there is literally no evidence supporting [Patel] but whether there is evidence upon which a jury could properly find for [him]." *See Herrera*, 474 F.3d at 685 (quotation omitted). Patel "must present more than a scintilla of evidence supporting [his] claim." *Id.* (quotation omitted).

"[P]unitive damages may be awarded in a *Bivens* suit." *Carlson v. Green*, 446 U.S. 14, 22 (1980). Such damages for violation of federal law "are to be awarded only when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *Youren v. Tintic Sch. Dist.*, 343 F.3d 1296, 1308 (10th Cir. 2003) (quotation omitted). Punitive damages are appropriate

-7-

when a compensatory (or in this case, a nominal) award is insufficient to deter and punish defendants from similar conduct in the future. *Id.* "Punitive damages serve a broader function than compensatory [or nominal] damages; they are aimed at deterrence and retribution." *Id.* (quotations and brackets in original omitted).

We have reviewed the designated record and the parties' filings, paying particular attention to defendants' depositions. *See Rhodes v. Corps of Eng'rs*, 589 F.2d 358, 359-60 (8th Cir. 1978) (denying free transcript after reviewing transcript motion and exhibits in designated record); *see also Sistrunk*, 992 F.2d at 259 (same after review of motion for transcript); *Jaffe v. United States*, 246 F.2d 760, 762 (2d Cir. 1957) (same with Judge Learned Hand instructing that transcript decision must be decided "upon what the motion papers contain").

Patel argues that defendants' refusal to even consider his dietary requests demonstrates callousness sufficient to have warranted a jury instruction on punitive damages. We disagree. Defendants testified that, even if special food items could have been easily provided, they were prohibited by prison policy from offering Patel something beyond the common fare without input from the prison's "regional and central office people." R. Vol. I, tab 106, attach. 1 at 4-5 (deposition of defendant Wooten); *id.*, attach. 5 at 5-6 (deposition of defendant Rockvam). Patel's assertion that the serving of a pork substitute demonstrated defendants' unlawful preference of Muslim and Jewish prisoners over him does not rise to the level of evil intent or reckless or callous indifference to his

constitutional rights sufficient to sustain a jury-award of punitive damages. *See Youren*, 343 F.3d at 1308. As such, his case is distinguishable from *Searles v. Van Bebber*, 251 F.3d 869, 879-80 (10th Cir. 2001) (concluding sufficient evidence existed for a jury to consider issue of punitive damages where defendant failed to inquire about plaintiff's history of receiving kosher meals at other institutions, check plaintiff's file before rejecting his dietary request, follow prison policy requirements, and take into account plaintiff's change-of-religion form although the document was readily available).

V. <u>Conclusion</u>

We GRANT Patel's motion to proceed on appeal in forma pauperis and remind him that he is obligated to continue making partial payments of the filing fee until the entire fee has been paid. Patel's motion for a transcript provided at government expense pursuant to 28 U.S.C. § 753(f) is DENIED. Patel's allegations of mail tampering must be brought in the first instance to a district court. We VACATE that portion of the judgment of the district court striking Patel's notice of appeal. The balance of the district-court judgment is AFFIRMED.

Entered for the Court

Bobby R. Baldock
Circuit Judge
