**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-3501
_____

UNITED STATES OF AMERICA

v.

ALEX MELENDEZ
a/k/a King A.M.

Alex Melendez,

Appellant

_____

No. 06-3614
_____

UNITED STATES OF AMERICA

v.

WILLIAM SOSA
a/k/a King Homicide

William Sosa,

Appellant

_____

No. 06-3667
_____

UNITED STATES OF AMERICA

v.

ANGEL AVILES
a/k/a Len Vando
a/k/a King Cano


Angel Aviles,

Appellant



_____

No. 06-3668
_____

UNITED STATES OF AMERICA

v.

ELVIS ORTIZ
a/k/a King Elvis


Elvis Ortiz,

Appellant



_____

No. 06-4317
_____

UNITED STATES OF AMERICA

v.

ANGEL SERRANO
a/k/a King Pleasure

Angel Serrano,

Appellant

————————————

No. 07-1370
————————————

UNITED STATES OF AMERICA

v.

ROBERTO ROSADO,

Appellant

————————————

No. 07-1889
————————————

UNITED STATES OF AMERICA

v.

EDWIN IRIZARRY
a/k/a King Penguin

Edwin Irizarry,

Appellant

————————————

No. 07-3651
————————————

UNITED STATES OF AMERICA

v.

OSCAR BERMUDEZ
a/k/a King Fat Joe


Oscar Bermudez,

Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Crim. Nos. 05-cr-00044-1, 05-cr-00044-4, 05-cr-00044-7, 05-cr-00044-8,
05-cr-00044-10, 05-cr-00044-12, 05-cr-00044-13, 05-cr-00044-15)
District Judge:  Honorable Gene E.K. Pratter

_____

Submitted under Third Circuit LAR 34.1(a)
May 26, 2010

Before:   McKee, *Chief Judge*, Rendell and Garth, *Circuit Judges*

(Opinion filed: August 3, 2010)


_____

OPINION
_____

McKee, *Chief Circuit Judge*

Defendants were convicted of various charges arising from their participation in a

drug distribution ring.  Each makes a number of arguments as set forth below.  We will

affirm the judgments of conviction and sentence in each of these consolidated cases.

Inasmuch as we write primarily for the parties, who are familiar with the facts of

this case, we need not set forth the procedural history or background.

## I. The Defendants' Claims

### A. William Sosa

William Sosa argues that the prosecution improperly exercised some of its peremptory strikes by striking potential jurors based on race or ethnicity in violation of *Batson v. Kentucky*, 476 U.S. 79 (1986); that the district court erred in eliciting expert opinion and hearsay testimony regarding the bad character of the Almighty Latin King and Queen Nation ("ALKQN"); that the district court erred in not dismissing counts three and four of the indictment, because the government constructively amended the indictment, creating prejudicial variance between the indictment and evidence presented at trial; that the evidence was insufficient to convict him for using or carrying a firearm in connection with the alleged conspiracy to murder an unknown person in Trenton, New Jersey; that there was insufficient evidence to prove that he conspired to maim Raphael Guzman in aid of racketeering activity; that the evidence failed to prove beyond a reasonable doubt that he carried a firearm during the alleged conspiracy to murder Guzman; that the evidence failed to prove beyond a reasonable doubt that he conspired to kidnap Elena Mercado in aid of racketeering, and; that the sentences imposed on him were unreasonable.

### B. Edwin Irizarry

Edwin Irizarry argues that his life sentence was substantively and procedurally

unreasonable, as it was greater than necessary to satisfy the purposes of punishment pursuant to 18 U.S.C. § 3553(a).

### C. Alex Melendez

Alex Melendez argues that the district court erred by denying his motions to suppress a photographic identification and for a bill of particulars, and by refusing to grant the joint *Batson* motion. He also argues that he was entitled to an acquittal because the evidence was insufficient to sustain a conviction for violations of 21 U.S.C. §§ 846 and 860, and 18 U.S.C. § 1962(d).

Melendez also asserts that there was insufficient evidence to establish that he committed an overt act leading to murder rather than "only an assault;" that there was insufficient evidence to convict him of engaging "in any conduct tending to prove he participated in a racketeering enterprise;" that the district court improperly ignored evidence that a juror had arrived at a guilty verdict based upon compulsion and duress, and; that the district court made unconstitutional findings during the sentencing process, resulting in an unreasonable sentence.

### D. Angel Aviles

Angel Aviles argues that the prosecutor exercised peremptory strikes of jurors in violation of *Batson*.

### E. Elvis Ortiz

Elvis Ortiz argues that the evidence was insufficient to sustain his conviction for

involvement in a drug conspiracy or distribution of a controlled substance in violation of 21 U.S.C. §§ 846 and 860, or for committing violent crimes in aid of a racketeering enterprise in violation of 18 U.S.C. § 1959(a)(1). In a related argument, he claims that the evidence was insufficient to establish beyond a reasonable doubt that he participated in the kidnapping of Rafael Guzman, and that the district court erred in denying his Rule 29 motion for judgment of acquittal as to charges under 18 U.S.C. §§ 1959(a)(5) and (6).

He also argues that the evidence was insufficient to allow a jury to conclude that he committed an overt act that would lead to murder rather than to assault; that there was no reasonable evidence to support a finding that he committed an overt act which would lead to maiming an individual, or that he participated in the racketeering enterprise, and; that the district court made unconstitutional findings during the sentencing process and/or imposed an unreasonable sentence.

### F. Roberto Rosado

Roberto Rosado argues that the district court erred in denying his presentence motion to withdraw his guilty plea because it was not voluntarily and knowingly entered into, and that his counsel was ineffective.

### G. Angel Serrano

Angel Serrano argues that the district court erred in denying his motion for judgment of acquittal as to the charges under 18 U.S.C. §§ 1959(a)(1) and (2), and that the district court erred in denying the joint *Batson* challenge. He also claims that his

4

sentence was unreasonable.

### H.  Oscar Bermudez

Oscar Bermudez argues that the district court erred in refusing to allow him to withdraw his guilty plea prior to sentencing.

### II.  Discussion

We have reviewed the arguments made by each of the defendants, as well as the responses of the government, and we conclude that, with one exception, each of the allegations of error is totally devoid of merit and can be dismissed without discussion. Indeed, many of the issues raised on appeal border on frivolity.  We will therefore affirm the judgments of conviction and sentence without further discussion.

The sole exception to this is the argument raised pursuant to *Batson v. Kentucky*, 476 U.S. 79 (1986).  Although the *Batson* claims are also meritless, they warrant very brief discussion.

We noted in *Hardcastle v. Horn*, 368 F.3d 246, 255 (3d. Cir. 2004), that district courts should undertake a three-step inquiry to determine that peremptory strikes are not being exercised in an unconstitutional manner when confronted with a *Batson* challenge. Here, the district court did not undertake the three-step inquiry that we discussed in *Hardcastle*.  Nevertheless, even though the district court's response was not as procedurally precise as it should have been, it is clear that the record supports its denial of the joint *Batson* motion, as none of the defendants met their burden of establishing that

any of the prosecutor's peremptory challenges was motivated by race, national origin, or considerations of ethnicity, or that the prosecutor's proffered reasons for the strikes were a pretext to survive the *Batson*.

### III. Conclusion

Accordingly, we will affirm the judgments of conviction and sentence of each of these defendants.