**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3033
_____

UNITED STATES OF AMERICA

v.

ANGEL SERRANO,
                                        Appellant.
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Crim. No. 05-cr-00044-013)
District Judge: Honorable Gene E.K. Pratter
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 3, 2014

Before: FUENTES, GREENBERG and VAN ANTWERPEN, Circuit Judges

(Opinion filed: April 4, 2014)
_____

OPINION
_____

PER CURIAM

Appellant Angel Serrano appeals from an order of the District Court denying his

motion for transcripts at public expense, 28 U.S.C. § 753(f). For the reasons that follow,

we will affirm.

Serrano and 15 co-defendants were indicted in the United States District Court for the Eastern District of Pennsylvania on charges relating to their illegal activities as leaders of the Latin Kings. Following a jury trial, Serrano was convicted of one count of kidnapping in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(1), in connection with his part in the kidnapping of a female member of the group. On September 27, 2006, Serrano was sentenced to a term of imprisonment of 300 months, and a five-year term of supervised release. On direct appeal, he contended that there was insufficient evidence to convict him of kidnapping, the prosecutors used their peremptory challenges during jury selection in a discriminatory manner, see Batson v. Kentucky, 476 U.S. 79 (1986); and (3) his sentence was unreasonable. We rejected these arguments as meritless and affirmed the judgment of conviction and sentence. See United States v. Melendez, 388 Fed. App. 178, 181 (3d Cir. 2010).

In November, 2010, Serrano filed a pro se application for transcripts at public expense, stating that he needed transcripts to prepare a motion to vacate sentence, 28 U.S.C. § 2255. The District Court ordered defense counsel to supply Serrano with the requested transcripts. In April, 2011, Serrano renewed his request for transcripts, stating that defense counsel had failed to comply with the court's order. At the same time,[1] Serrano filed his section 2255 motion, raising a Batson and an insufficiency of the evidence claim. Serrano also filed a motion for appointment of counsel. In an order entered on May 20, 2011, the District Court denied the section 2255 motion with

---

[1] Both the renewed request for transcripts and the section 2255 motion were dated March 29, 2011.

prejudice on the ground that the <u>Batson</u> and insufficient evidence claims had already been conclusively resolved.  The court also denied Serrano's motion for appointment of counsel but did not rule on Serrano's renewed request for transcripts.  Serrano did not timely appeal the denial of his section 2255 motion to this Court.

More than seven months later, on January 30, 2012, Serrano filed a stand-alone motion seeking a copy of the criminal docket, in which he also asked about transcripts. Serrano did not raise any new claims in this motion or indicate that he intended to file a separate motion under Fed. R. Civ. Pro. 60(b) motion to reopen the section 2255 judgment.  The District Court at first granted the motion for transcripts but then vacated its order, and directed Serrano to designate which portions of the transcript he required. In response, Serrano stated that he required the testimony of Edwin Vasquez, Nicolas Vasquez, Elena Mercado, Aaron Martinez, Jonathan Santana, Ray Melendez, and Agent Falero, and the transcripts from jury selection and the court's instructions to the jury. Serrano did not explain why he needed these portions of the transcript.  In an order entered on May 31, 2013, the District Court denied the motion, explaining that Serrano had failed to identify any good cause for his request for transcripts at public expense, and that the transcripts he requested would cost the public between $2,656.00 and $2,905.00.

Serrano appeals.  We have jurisdiction under 28 U.S.C. § 1291 to review a District Court's post-judgment order.  <u>See</u> <u>Isidor Paiewonsky, Inc. v. Sharp Properties, Inc.</u>, 998 F.2d 145, 149-50 (3d Cir. 1993) (post-judgment orders are final and immediately appealable); <u>Plymouth Mut. Life Ins. Co. v. Illinois Mid-Continent Life Ins. Co.</u>, 378 F.2d 389, 391 (3d Cir. 1967) (same).  Serrano has argued in his Informal Brief that the

3

section 2255 judgment in his case should be reopened because he was prejudiced by the absence of transcripts, and that he needs the transcripts in order to argue that he was not "afforded effective assistance of counsel, and that there [was] insufficient evidence to support the verdict of guilty." See Appellant's Informal Brief, at 2.

We will affirm. Section 753(f) of title 28 provides for transcripts at public expense for indigent prisoners pursuing a collateral appeal as follows:

> Fees for transcripts furnished in proceedings brought under section 2255 of this title to persons permitted to sue or appeal in forma pauperis shall be paid by the United States out of money appropriated for that purpose *if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal.*

28 U.S.C. § 753(f) (emphasis added). Thus, under the statute, an indigent prisoner who is pursuing a section 2255 motion must show that his claims are not frivolous and that the transcript is necessary to decide the issues presented. The prisoner's right to due process is not violated where transcripts are provided only after judicial certification that they are required to decide the issues presented by a non-frivolous case. United States v. MacCollom, 426 U.S. 317, 325-27 (1976) (plurality)). See also Sistrunk v. United States, 992 F.2d 258, 258 (10th Cir. 1993) (indigent defendant's right to due process is satisfied at collateral relief stage by affording him free transcript upon showing of particularized need for transcript as required by section 753); United States v. Losing, 601 F.2d 351, 352 (8th Cir. 1979) (same).[2]

---

[2] In ordering briefing in this appeal, we directed the parties to address whether the District Court has a duty under 28 U.S.C. § 753 to provide transcripts to an indigent prisoner in Serrano's circumstances. Compare Rush v. United States, 559 F.2d 455, 459

4

As a threshold matter, Serrano did not timely appeal the District Court's May 20, 2011 order denying his section 2255 motion, see Fed. R. App. Pro. 4(a)(1)(B) (providing for a period of 60 days in which to appeal judgment when United States is party). We thus lack jurisdiction to address a transcript argument relating to Serrano's original section 2255 motion. Serrano's section 2255 motion was denied by the District Court on the merits and with prejudice and he did not appeal the District Court's order to this Court. We doubt, however, that Serrano made the required showing for transcripts because, to the best of the District Court's knowledge, he sought only to relitigate claims already decided on direct appeal. He thus failed to demonstrate that his claims were non-frivolous and that the transcripts he requested were necessary to decide the issues he actually raised. MacCollom, 426 at 325-27. In his Informal Brief on appeal, Serrano contends that his section 2255 motion was filed only as a "place-holder," and that he intended to supplement the section 2255 motion after reviewing the transcripts, see Appellant's Informal Brief, at 2, but he did not say this in the section 2255 motion itself. Rather, he set forth two claims which were identical to issues he raised on direct appeal,

---

(7th Cir. 1977) (holding that an incarcerated, unrepresented prisoner had a right to access to preexisting transcripts), with Sistrunk v. United States, 992 F.2d 258, 260 (10th Cir. 1993) (declining to follow Rush), and United States v. Losing, 601 F.2d 351 (8th Cir. 1979) (same). As explained by the Government, see Appellee's Brief, at 14 n.2, notwithstanding Rush, the Seventh Circuit does indeed recognize that the right to free transcripts is not absolute, but rather is subject to the requirements of 28 U.S.C. § 753(f). See United States ex rel. Davidson v. Wilkinson, 618 F.2d 1215, 1219 (7th Cir. 1980) ("Once a § 2255 motion is filed, 28 U.S.C. § 753(f) provides the funds for a transcript if 'the suit or appeal is . . . not frivolous and . . . the transcript is needed to decide the issue presented by the suit.'").

and gave the District Court no indication whatever that he wanted to raise new, non-frivolous claims in his section 2255 motion.

Turning to the instant timely appeal, seven months after the District Court denied his section 2255 motion on the merits, Serrano filed a stand-alone motion for transcripts, stating that he required the testimony of seven different witnesses, and the transcripts from jury selection and the court's instructions to the jury. He did not explain why he needed these portions of the transcript, and his reasons for the requests were by no means self-evident. His Batson claim, for example, was previously conclusively resolved, suggesting that he had no need for the transcript from jury selection. The District Court gave consideration to Serrano's request but ultimately balanced it against the cost to the public and denied the motion. The court committed no error in doing so under the circumstances of Serrano's complete failure to show that he had claims that were non-frivolous, that he had a vehicle for bringing them,[3] and that the transcripts he requested were necessary to decide the claims. MacCollom, 426 at 325-27.

Serrano now advises us in his Informal Brief that he seeks to reopen the section 2255 judgment because he wants to pursue an unspecified claim of ineffective assistance

---

[3] The District Court would lack jurisdiction over a second or successive section 2255 motion unless Serrano first obtained authorization from this Court to file it. See 28 U.S.C. § 2255(h) ("[S]econd or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain-- (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. ").

6

of counsel, and because he again wants to challenge the sufficiency of the evidence.

Only extraordinary circumstances warrant reopening a judgment under Rule 60(b), see

Martinez-McBean v. Government of Virgin Islands, 562 F.2d 908, 911-12 (3d Cir. 1977);

Serrano's continued pursuit of an insufficiency of the evidence claim that has already

been conclusively resolved would not provide a basis for reopening the section 2255

judgment.  Nevertheless, our affirmance today of the District Court's order denying

Serrano's 2012 motion for transcripts at public expense is without prejudice to any Rule

60(b) motion he may file to reopen the section 2255 proceedings and any new

particularized request that he may make for transcripts in aid of that Rule 60(b) motion,

Gonzalez v. Crosby, 545 U.S. 524 (2005) (allowing motion under Rule 60(b) to assert

non-merits defect in dismissal of habeas corpus petition).  We leave it to the District

Court to decide in the first instance whether extraordinary circumstances exist to reopen

Serrano's section 2255 proceedings in order to permit him to pursue an ineffective

assistance of counsel claim, and whether good cause exists to provide Serrano with

portions of the transcript that are necessary to the proceedings.  But see Sistrunk, 992

F.2d at 259 ("Although the appellant's motion requesting a copy of a free transcript states

that he was denied effective assistance of counsel, it fails to provide any factual

allegations to support this claim.  Conclusory allegations that a defendant was denied

effective assistance of counsel, without more, do not satisfy the requirements of §

753(f)."[4]

---

[4] We note that the Government is not unsympathetic to the possibility that Serrano may
not have understood the requirements of 28 U.S.C. § 753(f), see Appellee's Brief, at 13.

7

For the foregoing reasons, we will affirm the order of the District Court denying Serrano's 2012 motion for transcripts at public expense.