**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**January 30, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

DAVID L. WRIGHT; JUANITA
WRIGHT; D. DUSTIN MAYBURY;
NATHAN D. WRIGHT,

        Plaintiffs-Appellants,

  v.

CITY OF ST. FRANCIS, KANSAS;
ST. FRANCIS POLICE
DEPARTMENT,

        Defendants-Appellees.

No. 05-3191
(D.C. No. 98-CV-1156-DWB)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **HENRY**, **McKAY**, and **MURPHY**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

[*]    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiffs, proceeding pro se and in forma pauperis, appeal from a judgment entered against them on a jury verdict. They sued the City of St. Francis and several of its police officials under 42 U.S.C. § 1983, claiming the defendants violated their constitutional rights. Following a remand from this court, *Wright v. City of St. Francis*, 95 Fed. Appx. 915 (10th Cir. 2004), a jury trial was held from March 8 to 11, 2005, resulting in a verdict in favor of defendants.

*Background*

Plaintiffs' complaint was based on four incidents involving them and City of St. Francis police officers, including the police chief. *See id.* at 919-21. Just before trial, plaintiffs dismissed their claims pertaining to all incidents except those based on a search of their home on January 17, 1997. The search, authorized by a warrant, was executed by Kansas Department of Revenue (KDOR) agents, who entered the house with guns drawn and held plaintiffs in the dining room for four hours during the search. Plaintiffs alleged that defendants gave false information about them in order to obtain the search warrant, and used unreasonable force in executing the warrant. Defendants responded that plaintiffs had a history of violent behavior, thus necessitating precautionary measures when

interacting with them. In this appeal, plaintiffs contend that the district court[1] committed several trial errors, and that the court should have recused due to bias.

Plaintiffs have not filed a transcript of the trial proceedings in this appeal. As appellants, it is plaintiffs' responsibility to provide the portions of the trial transcript relevant to the issues raised on appeal. *See* Fed. R. App. P. 10(b); 10th Cir. R. 10.1(A)(1). They requested a free transcript and sought a certification by the district court that "the appeal is not frivolous (but presents a substantial question)," pursuant to 28 U.S.C. § 753(f). The district court denied the free-transcript request, noting that two issues could present substantial grounds for appeal, and stating that a transcript is not necessary to decide these questions. The court declined to certify plaintiffs' remaining appellate issues as substantial. Plaintiffs have renewed in this court their request for a free transcript and for appointment of counsel.

*Issues Reviewed*

Before we consider the question of a free transcript, we address the issues the district court certified as substantial: (1) whether the district court erred in excluding the testimony of three witnesses proffered to rebut the defendant-police chief's earlier statements, and (2) whether the district court should have recused.

---

[1] The parties consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c); R. docket sheet, entry 161.

We agree with the district court that a transcript is not necessary for review of these issues.

*Ruling to Exclude Testimony*

Plaintiffs challenge a trial ruling to exclude the testimony of three witnesses they proffered to refute the police chief's testimony that they told him plaintiff David L. Wright had bragged about not paying taxes. Plaintiffs wanted to call the witnesses at trial to deny that they had made those remarks to the police chief, thus demonstrating that the police chief made false statements.[2] The district court held that because plaintiffs admitted that they had not filed tax returns or paid taxes, the proffered testimony pertained only to a collateral issue and would confuse the jury. In addition, the court ruled that the police chief's testimony giving general background information on communications between his department and the KDOR did not place the police chief's character for truthfulness in issue under Fed. R. Evid. 608.

We review a trial court's exclusion of evidence for an abuse of discretion, "reversing only if we have a firm and definite belief that the trial court made a

---

[2]    Plaintiffs claim the police chief named the three individuals at trial, while defendants assert that he named them only at his deposition. The district court's trial notes indicated that the police chief did not name the individuals at trial; he testified that he had received the information from "the public." R. Doc. 304, at 12 n.6. Either way, we conclude that the district court's ruling was not reversible error.

clear error in judgment." *Tanberg v. Sholtis*, 401 F.3d 1151, 1162 (10th Cir. 2005) (quotation omitted). Even if we were to find an abuse of discretion, however, "reversible error may be predicated only upon errors that affect a party's substantial rights." *Id.* Moreover, we "accord considerable deference to a trial court's determination that evidence is likely to cause jury confusion." *Id.* at 1164. Plaintiffs have not shown that the ruling to exclude their witnesses affected their substantial rights. Therefore, we decline to reverse the jury's verdict.

*Recusal*

Plaintiffs also contend that the district judge should have recused due to bias against them caused by remarks David L. Wright made about the judge at a hearing. They assert that bias was shown by the judge's observation that Mr. Wright showed hostility in the courtroom. In addition, they claim bias due to the judge's former affiliation with an attorney from St. Francis. Plaintiffs have not pointed to any act or speech by the district judge indicating bias or the appearance of impropriety. *See Mitchell v. Maynard*, 80 F.3d 1433, 1450 (10th Cir. 1996) (noting even appearance of impropriety must be avoided). To the extent plaintiffs rely on adverse rulings to show bias, "adverse rulings against a litigant cannot in themselves form the appropriate grounds for disqualification." *Green v. Dorrell*, 969 F.2d 915, 919 (10th Cir. 1992). Accordingly, we affirm the district court's decision not to recuse.

*Transcript at Government Expense*

A trial transcript may be provided at government expense "to persons permitted to appeal in forma pauperis . . . if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question)." 28 U.S.C. § 753(f). That section was not intended to require free transcripts for all pro se litigants. *See Rhodes v. Corps of Eng'rs of U.S. Army*, 589 F.2d 358, 359-60 (10th Cir. 1978) (affirming district court's ruling that appellant did not make showing required by § 753(f)). We recognize that it is difficult for courts and litigants to decide whether a substantial question is presented unless the complete record is available. *Jaffe v. United States*, 246 F.2d 760, 762 (2d Cir. 1957) ; *Lee v. Habib*, 424 F.2d 891, 904-05 (D.C. Cir. 1970). Nevertheless, we consider the district court file and plaintiffs' opening brief to determine whether the district court abused its discretion in denying the request for a transcript at government expense. *See Rhodes*, 589 F.2d at 360 (reviewing for abuse of discretion district court's refusal to certify that appeal not frivolous).

Plaintiffs claim on appeal that reversible error was committed relative to testimony given by four witnesses at trial. First, they maintain that the police chief testified falsely that plaintiff Juanita Wright had a history of violent behavior and that plaintiffs kept loaded firearms in their home.

Second, plaintiffs assign error to the testimony given by Marlene Lebrom about an incident of harassment by plaintiff David L. Wright occurring in December 1996. After trial, plaintiffs discovered a report suggesting that the incident had occurred six months later, in June 1997. This was significant because the harassment incident was pertinent to what the police chief knew about Mr. Wright's violent tendencies prior to requesting a search warrant in January 1997. Thus, as the district court recognized, this testimony would have been excluded as irrelevant if it had been clear that the incident occurred after the search warrant was issued. R. Doc. 304, at 14.

Third, plaintiffs contend that Sharon Elliott was allowed to testify that "half of the town was scared of and didn't like Mr. Wright," in violation of the rule against hearsay. Aplt. Br. at 3. Fourth, they claim that Dick Rohweder's testimony concerning an incident in 1985 was too remote in time to be relevant, and plaintiffs were not given a report about this incident in discovery.

The information provided by the district court file and plaintiff's brief is insufficient to demonstrate that the appeal presents a substantial question. *See Rhodes*, 589 F.3d at 360; *Maloney v. E.I. DuPont de Nemours & Co.*, 396 F.2d 939, 940 (D.C. Cir. 1967) (stating appellant has burden to prove appeal presents a substantial question). Plaintiffs have not explained the significance of the challenged testimony in the context of the entire trial. They have not informed us

whether the testimony was received over objection, or, if it was, the basis for the trial court's rulings. They have not shown why admission of this testimony was critical to their case, thus requiring reversal. We recognize that plaintiffs cannot cite to the transcript they now request; however, they could surely remember if they objected to the challenged testimony and they could have given us a sense of the context of the evidence without precise record citations. Accordingly, we find no abuse of discretion in the district court's determination that a free transcript is not warranted, and we deny plaintiffs' renewed motion for a free transcript.

Without a transcript, we cannot review the propriety of the challenged evidentiary rulings or the sufficiency of the evidence underlying the jury's verdict. Consequently, we must affirm. *See Scott v. Hern*, 216 F.3d 897, 912 (10th Cir. 2000) ("Where the record is insufficient to permit review we must affirm."); *accord Worthington v. Anderson*, 386 F.3d 1314, 1320 (10th Cir. 2004); *Deines v. Vermeer Mfg. Co.* 969 F.2d 977, 979-80 (10th Cir. 1992).

Plaintiffs' renewed request for a free transcript and for appointment of counsel on appeal is denied. The judgment of the district court is AFFIRMED.

Entered for the Court

Robert H. Henry
Circuit Judge