**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 22, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

STEPHEN J. SCHNEIDER,

    Defendant - Appellant.

No. 13-3300
(D.C. No. 6:07-CR-10234-MLB-1)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **BALDOCK**, and **BACHARACH**, Circuit Judges.[**]

---

Defendant Stephen Schneider, proceeding pro se,[1] appeals the district court's

denial of his requests for appointment of counsel and for a free transcript of trial

court proceedings. Defendant also seeks leave to proceed *in forma pauperis*

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

[**] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] We construe Defendant's pro se filings liberally. See Garza v. Davis, 596 F.3d 1198, 1201 n.2 (10th Cir. 2010).

("IFP"). For the following reasons, we affirm the decision below but grant the petition to proceed IFP.

## I.

On June 24, 2010, a jury in the District of Kansas convicted Defendant on a number of counts including healthcare fraud, unlawful drug distribution, and money laundering. As a result, the district court sentenced Defendant to 360 months in jail. Represented by counsel, Defendant thereafter appealed, and we affirmed. See United States v. Schneider, 704 F.3d 1287 (10th Cir.), *cert. denied,* 133 S. Ct. 2868 (2013). On October 3, 2013, Defendant asked the district court to appoint him counsel or provide him with a free trial transcript so that he could file a § 2255 motion. In a written order, the district court denied the request. Soon thereafter, Defendant again asked the court to appoint counsel, this time indicating he would be raising an ineffective assistance claim under § 2255. And the district court again denied the request. In a separate order, the court also denied the transcript request. Defendant appeals these orders. He has yet to file a § 2255 motion.

## II.

The first issue on appeal is whether the district court wrongly declined to provide Defendant with a free trial transcript. Under 28 U.S.C. § 753(f)—a provision which the Supreme Court has upheld as constitutional—"an indigent defendant is entitled to have the government pay the fees for a copy of his transcript in a § 2255 proceeding *only* if he demonstrates that his suit is not frivolous and that

the transcript is needed to decide the issue presented by the suit." Sistrunk v. United States, 992 F.2d 258, 259 (10th Cir. 1993) (emphasis added) (citing United States v. MacCollom, 426 U.S. 317 (1976)). "Conclusory allegations that a defendant was denied effective assistance of counsel, without more, do not satisfy the requirements of § 753(f)." Id. We review the district court's decision to deny a defendant's transcript request for an abuse of discretion. Wright v. City of St. Francis, Kan., 166 F. App'x 343, 347 (10th Cir. 2006) (unpublished).

Defendant's allegations regarding the effectiveness of his prior counsel are conclusory and ambiguous. In his brief, Defendant contends his defense team was plagued by "many short-comings" and not "well prepared for this trial." These are bare conclusions, utterly bereft of specifics. In his motion to proceed IFP, Defendant adds that he "was not informed of his . . . rights under Miranda v. Arizona, 384 U.S. 436." While slightly more specific, Defendant gives no indication of what impact, if any, this lack of information had on his trial or appeal. Indeed, by using passive voice, he does not even state that it was his *counsel*—as opposed to the police, for example—who failed to inform him of his Miranda rights. Finally, he never mentioned Miranda to the district court, and arguments not made below are waived on appeal. See Rosewood Servs., Inc. v. Sunflower Diversified Servs., Inc., 413 F.3d 1163, 1167 (10th Cir. 2005). As such, the court did not abuse its discretion in

3

denying Defendant's request for a free trial transcript.[2]

## III.

The second issue on appeal is whether the district court wrongly declined to appoint counsel to help Defendant file a § 2255 motion. Although Defendant claims the district court ignored his Sixth Amendment right to counsel, "there is no right to counsel in collateral proceedings." United States v. Prows, 448 F.3d 1223, 1229 (10th Cir. 2006) (citing Pennsylvania v. Finley, 481 U.S. 551 (1987)). Rather, under § 2255(g) and 18 U.S.C. § 3006A(a)(2)(B), a district court *may* appoint counsel to a "financially eligible person" when "the interests of justice so require." In the end, "[t]he decision to appoint counsel is left to the sound discretion of the district court." Engberg v. Wyoming, 265 F.3d 1109, 1122 (10th Cir. 2001).

Defendant asserts an attorney is necessary because of the complexity and length of his trial (7 weeks or so) and transcripts (over 30,000 pages). Defendant, however, has not provided any indication that the specific issues he will contest in his § 2255 motion are themselves complex. Indeed, as discussed above, he has thus far failed to come forth with any specific issues at all; rather, his allegations regarding ineffective assistance are conclusory and ambiguous. Moreover, none of

---

[2] This being the case, we need not determine whether "the actual filing of a habeas petition is a necessary prerequisite" for a defendant to qualify for a free transcript under 28 U.S.C. § 753(f). Sistrunk, 992 F.2d at 259.

4

the cases cited by Defendant discuss an abuse of discretion in this context.  Instead, they involve the right to counsel on a *direct* appeal, see, e.g., Penson v. Ohio, 488 U.S. 75, 85 (1988) ("The need for forceful advocacy does not come to an abrupt halt as the legal proceeding moves from the trial to appellate stage."), and the effectiveness (or lack thereof) of that counsel, see, e.g., Lombard v. Lynaugh, 868 F.2d 1475, 1479 (5th Cir. 1989) ("Lombard, who has been represented by counsel here and below, claims that he was denied effective assistance of counsel on his direct state appeal . . . .").  Thus, Defendant has given us little reason to believe the district court abused its discretion in declining to appoint him counsel.

## IV.

Defendant also petitions the court to proceed IFP. Though his claims were ultimately without merit, they were not so frivolous or unreasoned as to imply bad faith.  See 28 U.S.C. § 1915(a)(1) & (a)(3).  Furthermore, Defendant appears to be nearly destitute and there is no evidence to suggest his monthly income exceeds his monthly expenses by any significant amount such that he would have had sufficient income to pay the filing fees at the time this appeal was sought.  Cf. Brewer v. City of Overland Park Police Dep't, 24 F. App'x 977, 979 (10th Cir. 2002) (unpublished).  Therefore Defendant's petition to proceed IFP is GRANTED.  For the reasons set

forth above, however, the judgment of the district court as to all other issues is AFFIRMED.

Entered for the Court,

Bobby R. Baldock
United States Circuit Judge