FILED
United States Court of Appeals
Tenth Circuit

June 3, 2019

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CHARLES LAWRENCE PEARCE,

Defendant - Appellant.

No. 18-7052
(D.C. No. 6:91-CR-00009-RAW-1)
(E.D. Okla.)

_____

**ORDER AND JUDGMENT***
_____

Before **BRISCOE**, **McHUGH**, and **MORITZ**, Circuit Judges.
_____

Pro se prisoner Charles Lawrence Pearce filed a motion in the district court

under 28 U.S.C. §§ 753(f), 2250, to receive a free copy of his change of plea and

sentencing hearing transcripts related to his federal conviction in 1991 for

kidnapping, 18 U.S.C. § 1201.[1] He also filed a motion in the district court to unseal

the transcripts. The district court denied both motions, and Pearce timely appealed.

---

* After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] We liberally construe a pro se plaintiff's pleadings. *Requena v. Roberts*, 893
F.3d 1195, 1205 (10th Cir. 2018).

We review both decisions for abuse of discretion, *United States v. Schneider*, 559 F. App'x 770, 771 (10th Cir. 2014) (unpublished); *United States v. Pickard*, 773 F.3d 1297, 1302 (10th Cir. 2013), and exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

Pearce pleaded guilty to one count of kidnapping in violation of 18 U.S.C. § 1201 and received a sentencing enhancement for a "vulnerable victim" enhancement under U.S.S.G. § 3A1.1(b)(1), which we affirmed on direct appeal. *United States v. Pearce*, 967 F.2d 434, 434–35 (10th Cir.), *cert. denied*, 506 U.S. 922 (1992). Nearly twenty-seven years later, he seeks to challenge the factual basis for the enhancement.

Under 28 U.S.C. § 753(f), "an indigent defendant is entitled to have the government pay the fees for a copy of his transcript in a § 2255 proceeding only if he demonstrates that his suit is not frivolous and that the transcript is needed to decide the issue presented by the suit." *Sistrunk v. United States*, 992 F.2d 258, 259 (10th Cir. 1993). That said, "[c]onclusory allegations . . . , without more, do not satisfy the requirements of § 753(f)." *Id.* On appeal, Pearce

> contends that the recent decisions by both the U.S. Supreme Court and the Tenth Circuit Court of Appeals involving issues relating to Sentencing Guidelines enhancements, constitute a change in both Supreme Court and Tenth Circuit law, allowing him to relitigate his claim.

Aplt. Opening Br. at 2. However, he did not cite a single case from either the Tenth Circuit or the Supreme Court interpreting the Sentencing Guidelines in his opening brief to support his position. Accordingly, he has not shown that the requested

2

transcripts are needed to decide any issues. Moreover, Pearce's conviction became "final" within the meaning of 28 U.S.C. § 2255(f)(1) nearly twenty-seven years ago, *see Pearce v. United States*, 506 U.S. 922 (1992), and thus any § 2255 motion is far outside the one-year statute of limitations. Additionally, aside from making generalized statements and citing non-binding precedent, Pearce has not presented any additional facts or legal authority that would make his motion timely under § 2255(f)(2)–(4). Accordingly, he has not shown that his suit is not frivolous.[2]

Finally, there is nothing in the record to suggest that the desired records are in fact sealed. Unfortunately, not all responses to Pearce's record requests have made this clear. The record indicates that the requested documents are not available in electronic format, but rather are only paper documents. *See* App. at 3. Therefore, since there is no showing that the desired transcripts are sealed, the district court could not have abused its discretion in denying a motion to unseal the transcripts.

Therefore, we affirm the district court.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

---

[2] Pearce's argument under 28 U.S.C. § 2250 is premature. Under the plain language of § 2250, a district court can order the clerk of court to provide free copies of pertinent court documents to an indigent habeas petitioner "on any application for a writ of habeas corpus . . . ." But here, Pearce has yet to file any application for a writ of habeas corpus. And even if he did, as explained above, he has not shown his suit is not frivolous.