**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 10, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DERALD WILFORD GEDDES,

Defendant - Appellant.

No. 24-4121
(D.C. No. 1:15-CR-00093-TC-1)
(D. Utah)

_____

**ORDER AND JUDGMENT***
_____

Before **HARTZ**, **BALDOCK**, and **PHILLIPS**, Circuit Judges.
_____

Defendant Wilford Geddes, proceeding pro se, appeals from the district court's

order denying his motion to unseal court records and for disclosure of other records.

Exercising jurisdiction under 28 U.S.C. § 1291, we affirm the district court's

decision.

_____

* After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

I

Mr. Geddes, a dentist from Ogden, Utah, was convicted by a jury on one count of tax obstruction, one count of tax evasion, and three counts of willfully filing false tax returns. The district court sentenced him to a term of imprisonment of 60 months, to be followed by a 36-month term of supervised release. The district court also ordered Mr. Geddes to pay restitution in the amount of $1,811,347.76.

Mr. Geddes filed a direct appeal challenging various aspects of his sentence. We reversed the district court's imposition of restitution to the extent it was ordered to be paid outside the term of supervised release, affirmed the district court's imposition of the mandatory conditions of supervised release in the written judgment, and reversed the imposition of the discretionary standard conditions of supervised release. *See United States v. Geddes*, 71 F.4th 1206, 1217 (10th Cir. 2023). On remand the district court entered an amended judgment that conformed with our decision.

Mr. Geddes also filed a pro se motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. The motion asserted 41 violations of his rights, including a challenge to the denial of effective assistance of counsel, a challenge to the restitution amounts, and "a scattershot assortment of challenges to nearly every aspect of his trial and the legal system." *Geddes v. United States*, No. 1:23-cv-91-TC, 2024 WL 866530 at *2 (D. Utah. Feb. 29, 2024). In February 2024 the district court issued an order denying Mr. Geddes's § 2255 motion and declining to issue a certificate of appealability (COA). Mr. Geddes did not seek a COA from this court.

2

Most recently, in October 2024 Mr. Geddes filed a pleading titled "Motion for Order to Unseal Court Records and Order that All Gov. Officers and Agents Disclose Information Requested." R. vol. II at 31. The motion asked the district court to "review all sealed documents and unseal the portions of the documents that contain information that does not threaten national security or another compelling purpose." *Id.* at 39. Further, the motion asked the district court to "remedy the sealing orders in this case" and "the wrongs committed by the Department of Justice, the FBI, US Attorney for the district of Utah, the Internal Revenue Service, Tenth Circuit Public Defender, Standby counsel, and all other related parties, for the purpose of justice not just for Geddes, but for the American people as a whole." *Id.* at 40 (ellipsis and internal quotation marks omitted). And the motion asked the district court to "[s]uspend all further court actions until all records and information requested . . . has been unsealed and provided to [him] so that he can adequately prepare for civil and if necessary appeal," and to "[s]uspend . . [his] Petiton before the Us Tax Court and recently begun Collection Due Process Hearing have run their courses and if necessary their results have been appealed to a higher court." *Id.* Mr. Geddes submitted an addendum to his motion listing 37 categories of records to which he was seeking access. This included, for example, a wide range of documents from his federal criminal proceedings, records from his dental patients, documents relating to a safe that he purchased after separating from his wife, records pertaining to the efforts of his estranged wife and her attorney to gain access to his safe, records pertaining to his sister's role in administering their parents' trust, any Bureau of

Prisons communications regarding his pay as an inmate and "their attempts to force [him] to pay his own airfare to return to Utah after release to home confinement," records pertaining to his civil action in Tax Court, various Internal Revenue Service records, and "the CONTRACT [he] has allegedly broken granting subject matter jurisdiction."

The district court denied Mr. Geddes's motion. In doing so, the district court observed that the motion was "vague and overbroad." R. vol. I at 236. The district court also noted that Mr. Geddes "has . . . had the benefit of both appellate and post-judgment review of his sentence." *Id.* at 237. The district court concluded that Mr. Geddes had failed to "demonstrate[] that he is entitled to any further documents or materials related to his criminal case." *Id.*

## II

"[W]e review for an abuse of discretion the district court's decisions regarding whether to seal or unseal documents." *United States v. Bacon*, 950 F.3d 1286, 1291 (10th Cir. 2020) (internal quotation marks omitted). Likewise, we review for abuse of discretion the district court's denial of a criminal defendant's request for transcripts and other records. *See United States v. Schneider*, 559 F. App'x 770, 771 (10th Cir. 2014) (denial of request for criminal trial transcript); *In re Grand Jury 95-1*, 118 F.3d 1433, 1437 (10th Cir. 1997) (denial of request for grand jury transcript); *United States v. Green*, 483 F.2d 469, 470 (10th Cir. 1973) (denial of request for personal copy of presentence report).

4

We turn first to the portion of Mr. Geddes's motion that requested the district court to unseal certain documents from his criminal case, including the indictment. Notably, there is nothing in the record to suggest that any of those documents are sealed. To be sure, the indictment was sealed when it was initially returned by the grand jury. Likewise, the arrest warrant for Mr. Geddes was initially sealed. But the record on appeal indicates that the district court subsequently unsealed all the records filed in the case. Because there is no evidence that the requested documents are sealed, we conclude that the district court did not abuse its discretion in denying Mr. Geddes' request to unseal.[1]

We likewise conclude that the district court did not abuse its discretion in denying Mr. Geddes's request for various records from or related to his criminal case, such as search warrants, documents and records seized during the execution of search warrants, transcripts of grand jury proceedings, and transcripts of hearings in the case. As the district court noted, Mr. Geddes has exhausted his direct appeal and postconviction remedies. Further, he has never asked this court for permission to file a second or successive § 2255 motion. Thus, there is no apparent purpose or legal basis for providing those records to Mr. Geddes.

---

[1] It is not clear whether Mr. Geddes is seeking to unseal any sealed grand jury records. But if he is, he has made no showing that his request comes within any of the exceptions to grand jury secrecy set forth in Fed. R. Crim. P. 6(e)(3).

As for the remaining categories of records sought by Mr. Geddes, his motion failed to identify any viable grounds that would have required the district court to order the production of those documents, many of which were in the control of nonparties to the criminal case. We therefore conclude that the district court did not abuse its discretion in denying the request for these records.[2]

III

We affirm the decision of the district court. Mr. Geddes' motion to supplement the record requests is denied.

> Entered for the Court
>
>
> Harris L Hartz
> Circuit Judge

---

[2] In Attachment A to his opening brief, Mr. Geddes lists a host of errors that, he claims, call into question the validity of his convictions, including, among other things, ineffective assistance of standby and appellate counsel. He asks us to allow him an immediate appeal, remand for a new trial, or vacate his convictions. This appeal, however, is not the proper vehicle for Mr. Geddes to raise any challenges to his convictions. Because he has already filed a direct appeal and an unsuccessful § 2255 motion, his only remaining option would be to seek authorization from this court to file a second or successive § 2255 motion. *See* 28 U.S.C. § 2255(h).