**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 4 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

STACEY G. BREWER,

      Plaintiff-Appellant,

v.

CITY OF OVERLAND PARK
POLICE DEPARTMENT; SARGENT
REED; BARBARA WALK,

      Defendants-Appellees.

No. 01-3055

(D. Kansas)

(D.C. No. 98-CV-2231-KHV)

**ORDER AND JUDGMENT** [*]

Before **HENRY**, **BRISCOE**, and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for decision on the briefs without oral argument. See Fed. R. App. P. 34(f). The case is therefore submitted without oral argument.

Stacey G. Brewer, a civil litigant proceeding pro se, requests that this Court

---

[*] This order and judgment is not binding precedent, except under the doctrines of res judicata, collateral estoppel, and law of the case. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

-1-

overturn the district court's order denying his motion to reopen a civil suit he originally filed in 1998. Additionally, Mr. Brewer requests permission to proceed *in forma pauperis*. Because he has not given adequate justification for needing to reopen the case, we deny Mr. Brewer's request to overturn the district court's order. Further, we deny permission to proceed *in forma pauperis* and dismiss the appeal.

Mr. Brewer, representing himself at the time, filed suit in 1998 against the Overland Park Police Department and two of its employees. Mr. Brewer alleged that the defendants violated his civil rights in their investigation of events relating to a disagreement between Mr. Brewer and one of his relatives. A stalking charge had been filed against Mr. Brewer with the police department arising out of that dispute, and he objected to the police department's handling of the investigation. Mr. Brewer requested counsel in that case, but the request was denied.

Citing financial reasons, Mr. Brewer subsequently moved to dismiss the case; the district court dismissed the case without prejudice. Over two years later, in January 2001, Mr. Brewer filed a motion to reopen his case. The district court treated the motion as a Rule 60(b)(6) motion and subsequently denied it on grounds that it was untimely filed, that Mr. Brewer's case lacked any substantive merit, and that Mr. Brewer did not show that it would offend justice to deny him

relief. [1]  See Rec. vol. I, doc. 11, at 3 (Dist. Ct. Order, dated Feb. 21, 2001) [hereinafter "Dist. Ct. Order"].

This Court reviews the denial of a Rule 60(b)(6) motion to reopen judgment for an abuse of discretion.   See Lyons v. Jefferson Bank & Trust, 994 F.2d 716, 727 (10th Cir. 1993).  Absent arbitrary, capricious, or whimsical action on the part of the district court, this Court will affirm the decision below.   See Pelican Production Co. v. Marino et al., 893 F.2d 1143, 1145 (10th Cir. 1990).

While the trial court may reopen a case under Rule 60(b), such relief is extraordinary and is only to be granted in exceptional circumstances.   See Lyons, 994 F.2d at 727.   A case may be reopened under Rule 60(b) for a variety of reasons, but the district court construed Mr. Brewer's motion as a Rule 60(b)(6) motion since all other bases for relief under this rule were barred to Mr. Brewer. See Dist. Ct. Order at 1-2.

As the district court noted, a request for relief under Rule 60(b)(6) must meet two requirements in order to succeed.  First, the request must be filed within a reasonable time.   See Fed. R. Civ. P. 60(b).  Second, relief may only be granted

---

[1] This Court notes that the City of Overland Park alleges that it was never served with process in the underlying action.  We accept the City's statement that they do not waive plaintiff's failure to achieve service.  Since we dismiss the plaintiff's action on other grounds, this issue need not be addressed.

"'when it offends justice to deny such relief.'" Yapp v. Excel Corp., 186 F.3d 1222, 1232 (10th Cir. 1999) (quoting Cashner v. Freedom Stores, Inc., 98 F.3d 572, 580 (10th Cir. 1996)). The district court denied Mr. Brewer's request as failing to satisfy both conditions, and Mr. Brewer has provided no reason why this decision was arbitrary, capricious, or whimsical. See Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co., 170 F.3d 985, 992 (10th Cir. 1999).

This Court will not reverse the district court without a showing that there was a "complete absence of a reasonable basis [for the decision and that we] are certain the decision . . . is wrong." Yapp, 186 F.3d at 1230 (internal quotation marks omitted). Here, Mr. Brewer has failed to provide any acceptable grounds for challenging the well-reasoned opinion of the district court. It is clear from the record that Mr. Brewer is upset about the events of his case and about the perceived discrimination in particular, and this Court is sympathetic to his feelings. Nevertheless, Mr. Brewer provides no legal basis for reversing the district court's order, and therefore the order must be affirmed. [2]

Mr. Brewer also requests permission to proceed *in forma pauperis* (IFP). This Court has discretion in deciding whether or not to grant a civil litigant permission to proceed IFP. See 28 U.S.C. § 1915(a). General factors that can be

---

[2] The district court noted that Mr. Brewer may be able to file a new suit at the district court level. Dist. Ct. Order at 3. Like the district court, we do not address the potential merit or timeliness of any such suit.

-4-

considered when deciding whether to grant IFP status include: whether the complaint is frivolous or malicious (see Johnson v. United States Postal Serv., 861 F.2d 1475, 1485 (10th Cir. 1988)); whether the case concerns a prisoner, with special concern placed on prisoner complaints (see Weller v. Dickson, 314 F.2d 598, 601 (9th Cir. 1963) (Duniway, J., concurring)); and the nature of the mandatory and discretionary demands on the applicant's financial resources (see Prows v. Kastner, 842 F.2d 138, 140 (5th Cir. 1988)). Additionally, a person should not be denied the opportunity to proceed under 28 U.S.C. § 1915(a) simply because he or she is not "absolutely destitute." Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339-40 (1948). Based on Mr. Brewer's accounting, however, his monthly income exceeds his monthly expenses by a few hundred dollars. While there is no evidence that Mr. Brewer is acting in bad faith or attempting to take advantage of the system, it also appears that he had sufficient income to pay the filing fees at the time this appeal was sought. Therefore, this Court denies permission for Mr. Brewer to proceed IFP.

Accordingly, we DENY Mr. Brewer's motion to reopen his case for substantially the same reasons as the district court, DENY his motion to proceed *in forma pauperis,* and DISMISS his appeal.

Entered for the Court,


Robert H. Henry
Circuit Judge