**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 22, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

LINDA RAYNOR,

        Plaintiff–Appellant,

v.

BILL WENTZ; CHERYL
DICKENSHEETS; DANE BAYERS;
DON DRIVE; ELIZABETH
HUTCHINSON; ELMIRA KING;
HEATHER ROSE; LANE; MARION
HILLSMAN, Judge; SAMUEL G.
WILSON, Judge; JOHN E.
LICHTENSTEIN; LICHTENSTEIN
FISHWICK & JOHNSON; KATHY
TODD; KIM V.H. GUTTERMAN;
LOIS WENGER; MIDKIFF MUNCIE
& ROSS; NADIA WEBB; NEIL
SONENKLAR; ROBERT GOULD;
WARREN PICCIOLO,

        Defendants–Appellees.

No. 09-7079
(D.C. No. 09–CV–00053–RAW)
(E.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **McKAY**, and **MURPHY**, Circuit Judges.

After examining Plaintiff's brief and the appellate record, this panel has

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

In this case Plaintiff, a *pro se* litigant, brought a civil suit for conspiracy against various persons involved with the determination of her parental rights. As part of the suit Plaintiff submitted a motion to proceed *in forma pauperis*. In its first order considering the motion, the district court correctly noted it "has discretion in deciding whether or not to grant a civil litigant permission to proceed IFP." *Brewer v. City of Overland Park Police Dept.*, 24 F. App'x 977, 979 (10th Cir. 2002) (citing 28 U.S.C. § 1915(a)). The court then noted that the IFP motion contained almost no information that would allow it to properly review Plaintiff's expenses and income; the court then ordered Plaintiff to submit several types of financial documents to supplement her motion by March 4, 2009. On March 9, 2009, following Plaintiff's failure to provide any of the ordered documentation, the district court entered an order denying IFP status and requiring Plaintiff to pay the filing fee within twenty days. Finally, on April 8, 2009, the district court dismissed the case without prejudice for failure to pay the filing fee. Plaintiff appeals the district court's denial of IFP status, which we review for abuse of discretion. *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005).

After careful review of Plaintiff's filings, the district court's orders, and the record on appeal, we conclude that the district court did not abuse its discretion in

denying IFP status and dismissing the complaint.  For substantially the same reasons set forth in the district court's orders, we **AFFIRM**.  Additionally, Plaintiff has asked to proceed IFP on appeal.  "[I]n order to succeed on a motion to proceed IFP, the movant must show a financial inability to pay the required filing fees, as well as the existence of a reasoned, nonfrivolous argument on the law and facts . . . ." *Id.*  We agree with the district court that the documentation Plaintiff has provided does not indicate an inability to pay the required filing fee.  Accordingly, we **DENY** Plaintiff's motion to proceed without prepayment of fees.

Entered for the Court


Monroe G. McKay
Circuit Judge