**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 2, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

JOHN PAUL THOMAS,

        Plaintiff-Appellant,

v.

CHARLES GUFFEY;

        Defendant-Appellee,

CHRIS BARELA; KEVIN ANDERSON,

        Defendants.

Nos. 09-2133 & 09-2183
(D.C. No. 2:08-CV-00427-MV-LAM)
(D. N.M. )

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, **McKAY**, and **ANDERSON**, Circuit Judges.

---

    John Paul Thomas appeals the district court's denial of preliminary

injunctive relief (appeal No. 09-2133) and dismissal of his 42 U.S.C. § 1983

complaint challenging his conditions of confinement at the Doña Ana County

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Detention Center (the "Detention Center") (appeal No. 09-2183). We have jurisdiction under 28 U.S.C. § 1291.

## Appeal No. 09-2183

The district court dismissed the complaint under 28 U.S.C. §§ 1915A(a) and 1915(e)(2). Our review is de novo. *See McBride v. Deer*, 240 F.3d 1287, 1289 (10th Cir. 2001).[1]

Mr. Thomas' amended complaint alleged that he received substandard psychiatric care and he was denied access to the courts while he was a pretrial detainee at the Detention Center. He named three defendants for the medical-care claims: Chris Barela, the administrative director of the Detention Center; Charles Guffey, an employee of an independent company that contracts to provide health care at the Detention Center who was identified as the Regional Medical Director for the Detention Center's region; and Kevin Anderson, also an employee of the contracting company who was identified as the Detention Center Medical Mental Health Department Director. Mr. Thomas named only Mr. Barela as a defendant with regard to his access-to-the-courts claim. During the litigation, the parties stipulated to the dismissal of all claims against Mr. Barela. *See* Fed. R. Civ. P. 41(a)(1)(A)(ii). Ultimately, the district court dismissed the complaint, holding

---

[1]   Mr. Thomas argues that the district court waited too long to dismiss the complaint under §§ 1915A and 1915(e)(2). But even if the court had dismissed the complaint under Fed. R. Civ. P. 12(b)(6), our standard of review would be the same. *See Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999).

that each of the claims failed to state a claim under § 1983 and failed to show the defendants' personal participation. Mr. Thomas appeals.

In light of the stipulated dismissal of all claims against Mr. Barela, we need not discuss the medical-care allegations against him or the access-to-the-courts claim. That leaves the medical-care claims against Mr. Guffey and Mr. Anderson. The district court correctly held that allegations of medical malpractice and negligence do not state a claim under § 1983. *See Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976). As for the Eighth Amendment claims,[2] the district court correctly held that Mr. Thomas had the burden of pleading that the defendants had an affirmative link to the events about which he complains. *See Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) ("Supervisory status alone does not create § 1983 liability. Rather, there must be an affirmative link between the constitutional deprivation and either the supervisor's personal participation, his exercise of control or direction, or his failure to supervise." (citation, alterations, and quotation omitted)). The complaint does not provide such an affirmative link; instead, with regard to each claim, Mr. Thomas stated that defendants were

---

[2]     Mr. Thomas cited the Eighth Amendment, but as a pretrial detainee in state custody, his protection from unconstitutional conditions of confinement came from the Fourteenth Amendment. The distinction effectively is immaterial, though, because "[u]nder the Fourteenth Amendment due process clause, pretrial detainees are entitled to the degree of protection against denial of medical attention which applies to convicted inmates under the Eighth Amendment." *Martinez v. Beggs*, 563 F.3d 1082, 1088 (10th Cir.), *cert. denied*, 130 S. Ct. 259 (2009) (alteration and quotation omitted).

liable simply because their positions made them responsible for ensuring adequate care to detainees.  Such allegations fail to state a § 1983 claim.

Mr. Thomas asserted in another district-court filing, and reasserts in his appellate briefs, that he intended to sue Mr. Guffey and Mr. Anderson for creating and implementing an unconstitutional policy with regard to prescribing medications.[3]  But even assuming that the district court could have and should have considered this argument in making its dismissal decision, the policy, as it is described in the amended complaint, does not amount to a constitutional violation.  Accordingly, we cannot conclude that the district court erred in dismissing the complaint.

### Appeal No. 09-2133

Mr. Thomas twice sought injunctive relief with regard to his access-to-the-courts claim.  He first requested that the district court order the Detention Center to provide him with access to a law library and copying machine.  That motion was denied as moot because he had been transferred away from the Detention Center.  He then requested that the court order the New Mexico Corrections Department ("NMCD") to provide him with access to free

---

[3]     In his appellate reply brief, Mr. Thomas also asserted that he intended to sue these defendants for creating and implementing an unconstitutional policy regarding crushing medications.  We do not consider this assertion because his opening brief did not allege the existence of a policy (as distinguished from challenging a practice), and arguments not raised in the opening brief are waived, *see Becker v. Kroll*, 494 F.3d 904, 913 n.6 (10th Cir. 2007).

photocopying, and later he sought to amend that motion to request that the court order NMCD to provide him with legal materials. Noting that NMCD was not named as a party to the action and that none of the defendants could speak for it, the district court denied his motions. Mr. Thomas appealed.

We cannot consider whether the district court abused its discretion in denying the requests for injunctive relief. The requests concerned a claim that was asserted only against Mr. Barela, and as discussed above, the parties stipulated to the dismissal of all claims against Mr. Barela. The dismissal of the underlying claim rendered moot the requests for injunctive relief regarding that claim, leaving us with no jurisdiction to consider the issue. *See Disability Law Ctr. v. Millcreek Health Ctr.*, 428 F.3d 992, 996 (10th Cir. 2005) ("The controversy must exist during all stages of the appellate review. Once such controversy ceases to exist, the action is moot and this court lacks jurisdiction to adjudicate the matter." (quotation omitted)). This appeal must be dismissed.

## Conclusion

Mr. Thomas' motion to proceed in forma pauperis is GRANTED, and he is reminded of his obligation to continue making partial payments until the entire balance of his appellate filing fees are paid. The judgment of the district court in

appeal No. 09-2183 is AFFIRMED. Appeal No. 09-2133 is DISMISSED AS MOOT.

Entered for the Court

Stephen H. Anderson
Circuit Judge