**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 29, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

MITCHELL WILLIAMS,

    Plaintiff - Appellant,

v.

STATE OF OKLAHOMA; PAUL
ZIRIAX; STATE OF SOUTH
CAROLINA; ARLENE MAHONEY;
STATE OF COLORADO; STATE OF
UTAH,

    Defendants - Appellees.

No. 16-6150
(D.C. No. 5:16-CV-00163-R)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **MATHESON**, and **BACHARACH**, Circuit Judges.
_____

    The district court denied Mitchell Williams's request for *in forma pauperis* ("*ifp*")

status after concluding he had sufficient income to pay the fee for filing for his complaint.

Mr. Williams failed to pay the filing fee, and the district court dismissed his suit without

---

   [*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

prejudice. Mr. Williams appeals the denial of *ifp*. Exercising jurisdiction under 18 U.S.C. § 1291, we affirm. We also deny Mr. Williams's motion to proceed *ifp* on appeal.

Mr. Williams filed a "Complaint and Class Action Lawsuit" against the states of Oklahoma, South Carolina, Colorado, and Utah, claiming they unconstitutionally denied him the ability to enter his name on the ballot as a "write-in candidate" for the office of President of the United States. ROA at 4.

A magistrate judge issued a report and recommendation, concluding Mr. Williams's income, although small, exceeded his expenses by several hundred dollars and recommending denial of *ifp* status. After considering Mr. Williams's response to the magistrate judge's recommendation, the district court calculated the difference between Mr. Williams's income and expenses to be between $440.00 and $550.00 per month, adopted the recommendation, and denied Mr. Williams *ifp* status.

We review the district court's denial of *ifp* status for abuse of discretion. *See Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005). Under 28 U.S.C. § 1915(a)(1), a district court "may authorize the commencement . . . of any suit [or] action . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor."

The district court did not abuse its discretion in denying *ifp* status to Mr. Williams. Our decision in *Brewer v. City of Overland Park Police Department*, 24 F. App'x 977 (10th Cir. 2002) is instructive. There the plaintiff's "monthly income exceed[ed] his monthly expenses by a few hundred dollars." 24 F. App'x at 979. We denied the

2

plaintiff's request to proceed *ifp* on appeal even though there was "no evidence that Mr. Brewer [was] acting in bad faith or attempting to take advantage of the system" because "it also appear[ed] he had sufficient income to pay the filing fees at the time th[e] appeal was sought." *Id.* We have carefully reviewed the record and conclude that, like Mr. Brewer, Mr. Williams appears to have sufficient income to pay the fees to file his complaint.

We therefore affirm the district court's denial of *ifp* status to Mr. Williams and dismissal of his suit without prejudice. Because Mr. Williams has provided no non-frivolous arguments to challenge the district court's denial of *ifp* status, we also deny his request to proceed *ifp* on appeal. *See Lister*, 408 F.3d at 1312.

Entered for the Court

Scott M. Matheson, Jr.
Circuit Judge

3