**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**August 18, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

_____

PHYLLIS M. KNIGHT,

    Plaintiff - Appellant,

v.

UNITED STATES OFFICE OF
PERSONNEL MANAGEMENT;
COMMISSIONER OF THE SOCIAL
SECURITY ADMINISTRATION,

    Defendants - Appellees.

No. 25-3033
(D.C. No. 6:23-CV-01193-DDC-GEB)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **PHILLIPS**, and **McHUGH**, Circuit Judges.
_____

Plaintiff-Appellant Phyllis Marie Knight, a civil litigant proceeding pro se,

appeals a district court order denying her motion for leave to proceed in forma

pauperis ("IFP") under 28 U.S.C. § 1915. The district court denied Ms. Knight's

motion after it found her financial affidavit showed she had sufficient resources to

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with Federal
Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

pay the requisite filing fee. Construing Ms. Knight's pleadings with the appropriate liberality, and exercising jurisdiction under 28 U.S.C. § 1291, we affirm the district court's dismissal of her IPF motion.[1]

## I.     FACTUAL BACKGROUND

On September 12, 2023, Ms. Knight filed suit in the United States District Court for the District of Kansas against the United States Office of Personnel Management and the Social Security Administration, alleging violations of the Freedom of Information Act, the Congressional Review Act, the Federal Employees' Retirement Service Act of 1986, the Tucker Act, the Social Security Act, the False Claims Act, and the Administrative Procedures Act. Ms. Knight simultaneously filed a motion to proceed without prepayment of fees. The filing fee for her suit was $402 dollars. Her financial affidavit disclosed that her monthly income exceeded her monthly expenses by around $430 dollars.[2]

---

[1] Because Ms. Knight is proceeding pro se, we review her pleadings and filings liberally. *See Howard v. U.S. Bureau of Prisons*, 487 F.3d 808, 815 (10th Cir. 2007). But "we will not assume the role of advocate and make [her] arguments for [her]." *Walters v. Wal-Mart Stores, Inc.*, 703 F.3d 1167, 1173 (10th Cir. 2013) (internal quotation marks omitted).

[2] Because Ms. Knight's original financial affidavit left various sections of the form blank, the magistrate judge ordered her to submit a revised financial affidavit. She filed a completed financial affidavit on December 20, 2023.

After screening the case under 28 U.S.C. § 1915(e)(2)(B)(ii),[3] the magistrate judge recommended the district court dismiss all claims except Ms. Knight's Administrative Procedure Act claim because she failed to state a claim upon which relief may be granted. The magistrate judge also recommended Ms. Knight's IFP motion be denied, finding that her "financial affidavit reflects that her monthly income exceeds her monthly expenses" so "she has the ability to pay the filing fee." App. Vol. I at 116. The magistrate judge also recommended that in the event the district court permits any of her claims to proceed, she be allowed to pay the filing fee in seven monthly payments of $50 dollars, and an eighth payment of $52 dollars. Ms. Knight filed a timely objection to the magistrate judge's report and recommendation. *See* Fed. R. Civ. P. 72(b)(2).

In her objection, Ms. Knight argued she was eligible for IFP status because her "annual gross household [income] is in fact below 125[%] of the Federal Poverty Guidelines," and that under 8 C.F.R. § 106.3, the magistrate judge was supposed to determine her IFP status based on the Federal Poverty Guidelines. App. Vol. I at 128–29.

Reviewing Ms. Knight's complaint de novo, the district court dismissed all but her Administrative Procedure Act claim, adopting the magistrate judge's report and recommendation in its entirety. Regarding Ms. Knight's IFP motion, the district court

---

[3] Under 28 U.S.C. § 1915(e)(2)(B)(ii), "the court shall dismiss [an *in forma pauperis*] case at any time if [it] determines that . . . the action . . . fails to state a claim on which relief may be granted."

3

found that her "papers indicate that her monthly income exceeds her reported monthly expenses by more than $400." *Id*. at 139. The court also found that Ms. Knight's reliance on 8 C.F.R. § 106.3 was misplaced, as that regulation "provides fee waivers and exemptions for people requesting immigration benefits— not for people hoping to waive filing fees in federal court." *Id.* It thus denied Ms. Knight's IFP motion but, in line with the magistrate judge's recommendation, allowed her to pay the filing fee in eight monthly installments. Ms. Knight timely appealed. In response, Appellees submitted a notice that no brief would be filed on their behalf because they "lack[ed] a direct interest in the IFP determination" as well as "access to the documents concerning [Ms. Knight's] financial condition." Appellees' Notice at 2.

## II.     ANALYSIS

Although a district court's denial of an IFP motion is not a final order, it is nevertheless an appealable order under the doctrine in *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541 (1949). *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1310 (10th Cir. 2005); *Roberts v. U.S. Dist. Ct. for N. Dist. of Cal.*, 339 U.S. 844, 845 (1950). We review such a denial for an abuse of discretion. *See Lister*, 408 F.3d at 1312. The district court "has wide discretion in denying an application to proceed IFP under 28 U.S.C. § 1915," but when "denying such applications a court must not act arbitrarily. Nor may it deny the application on erroneous grounds." *Id.* at 1313 (quoting *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306–07 (11th Cir. 2004)).

4

Under § 1915(a), a district court "may authorize the commencement . . . of any suit [or] action . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses[,] that the person is unable to pay such fees or give security therefor." "Section 1915(a) applies to all persons applying for IFP status, [] not just to prisoners." *Lister*, 408 F.3d at 1312. To succeed on an IFP motion, the movant must show both (1) "a financial inability to pay the required filing fees"; and (2) "the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues" she raises.[4] *Id.*

The district court did not abuse its discretion in denying IFP status to Ms. Knight. At the time of her IFP petition and according to her own accounting, Ms. Knight's net income exceeded the amount of the filing fee. On appeal, she does not dispute any of the district court's factual findings regarding her reported monthly expenses and deductions. And a district court does not act arbitrarily in denying an IFP motion when the movant appears to have sufficient funds to pay the filing fees.

---

[4] Ms. Knight argues on appeal that the district court applied "the wrong law" by failing to consider "whether the complaint is frivolous or malicious" in denying her IFP motion. Appellant's Br. at 2. But an IFP movant must show both that the complaint is not frivolous or malicious and that she does not have the financial ability to pay the required filing fees. *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005). Because she has failed to meet the second requirement, the district court acted within its discretion in denying her IFP motion. *See Brewer v. City of Overland Park Police Dep't*, 24 F. App'x 977, 979 (10th Cir. 2002) (unpublished) (denying plaintiff's request to proceed IFP on appeal even though there was "no evidence that [the plaintiff] [was] acting in bad faith or attempting to take advantage of the system").

*See, e.g.*, *Lay v. Okla. Dep't of Corr.*, 746 F. App'x 777, 779 (10th Cir. 2018) (unpublished) (holding district court did not abuse discretion when "[prisoner's] inmate-savings statement reflected a $550.67 balance" as "that balance sufficed to prepay the $400 district court filing fee");[5] *Brewer v. City of Overland Park Police Dep't*, 24 F. App'x 977, 979 (10th Cir. 2002) (unpublished) (denying plaintiff's request to proceed IFP on appeal because "he had sufficient income to pay the filing fees at the time this appeal was sought" as his "monthly income exceed[ed] his monthly expenses by a few hundred dollars"). Because Ms. Knight's own accounting reports she has sufficient income to pay the fee to file her complaint, she has not shown she is eligible for IFP status.

### III.　CONCLUSION

The district court did not abuse its discretion in denying Ms. Knight's IFP motion because she did not show a financial inability to pay the required filing fee. We therefore AFFIRM the district court's denial of Ms. Knight's IFP motion. Appellant's "Motion and Declaration for Leave to Proceed In Forma Pauperis" is granted.

Entered for the Court

Carolyn B. McHugh
Circuit Judge

---

[5] We cite unpublished cases for their persuasive value only and do not treat them as binding authority. *See United States v. Ellis*, 23 F.4th 1228, 1238 n.6 (10th Cir. 2022).